HARRY DALE WORSLEY *v.* STATE OF INDIANA.

[No. 2-474A88. Filed October 28, 1974.]

*Robert E. Hughes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—Defendant-appellant, Harry Dale Worsley, appeals his conviction under the Indiana securities law.

Worsley was charged with six counts of securities law violations:

(1) Offering for sale unregistered securities, (2) selling unregistered securities, (3) offering securities for sale while not registered as a broker, dealer, or agent, (4) unlawful sale of securities, (5) making untrue statements of a material fact in connection with the offer of the sale of securities, (6) making untrue statements of a material fact in connection with the sale of securities. Worsley was tried by jury and convicted on all six counts.

For purposes of this appeal we are asked to determine:

1. Whether counts II and IV are duplications;
2. Whether certain evidentiary rulings were correct;
3. Whether the conviction is contrary to law;
4. Whether the defendant's trial counsel was competent.

We affirm.

Worsley first contends that error was committed in allowing the case to proceed to trial on counts II and IV because they were repetitious. He argues that both counts charged him with commission of the same act, thus creating prejudice against him which resulted in an unfair trial.

An examination of counts II and IV reveal the lack of merit in Worsley's argument. Count II deals with the selling of securities by an unregistered agent or broker-dealer. IC 1971, 23-2-1-18(a) (Burns Code Ed.). Count IV charges the sale of unregistered securities, IC 1971, 23-2-1-18(b) (Burns Code Ed.). Thus, counts II and IV did not charge the commission of the same act. Since the State had the right to charge under any statute violated in a criminal transaction, there was no error in trying Worsley for both counts II and IV.

Secondly, Worsley contends that several errors were made by the trial judge in the admission of evidence.

We may consider only one of the alleged errors cited by Worsley. The others, though argued in his brief, must be deemed waived for failure to specifically bring them to the attention of the trial court in either his motion to correct errors or the motion's supporting memo-

randum. *Bennett* v. *State* (1973), 159 Ind. App. 59, 304 N.E.2d 827; *Foxall* v. *State* (1973), 157 Ind. App. 19, 298 N.E.2d 470; *Spivey* v. *State* (1971), 257 Ind. 257, 274 N.E.2d 227. These alleged errors are not of the fundamental nature that would compel our review in spite of their absence from the motion to correct errors.

The only error concerning admission of evidence that is preserved for our consideration concerns the admission of State's Exhibit 8. That exhibit was a certificate from the Indiana Securities Commissioner stating that he had diligently searched the official records of the Securities Division of Indiana and had not discovered any license in the name of Worsley or any registration of the securities of the Indy Holding Company (the name under which the securities involved in this case were sold). The certificate was authenticated by the seal of his office.

Worsley contends that this exhibit was not properly authenticated and that the proper method of proving the matters contained in the document would have been to subpoena the Commissioner to testify to those matters.

This argument is clearly in error. Ind. Rules of Procedure, Trial Rule 44(B) provides:

"A written statement that after diligent search no record or entry of a specified tenor is found to exist in the records designated by the statement, *attested as provided in subdivision (A)(1)* of this rule . . . is admissible as evidence that the records contain no such record or entry." (Emphasis added.)

The emphasized portion of TR. 44(B) "attested to as provided in subdivision (A)(1)" refers to the following language:

". . . An official record kept within . . . any state . . . or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy. Such publication or copy need not be accompanied by proof that such officer has the

custody. Proof that such officer does or does not have custody of the record . . . may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office." Ind. Rules of Procedure, Trial Rule 44(A) (1).

Exhibit 8 was properly authenticated and admitted into evidence.

Thirdly, Worsley contends that the conviction was contrary to law because the State failed to produce evidence negating an exception to liability under counts II and IV and failed to prove that he was either a broker-dealer or agent in transactions alleged in counts I and II.

IC 1971, 23-2-1-18(b) (Burns Code Ed.) does provide for an exception to liability:

> "Whoever shall sell or cause to be sold, or offer to sell or cause to be offered for sale, any security in this state which shall not have been registered as provided in this act, *except such securities as are exempt under section 102(a)* *[subsection (a) of 23-2-1-2] or unless sold in any transaction exempt under section 102(b) [subsection (b) sold in any transaction exempt under section 102(b) of 23-2-1-2]* *of this act,* shall be guilty of a violation of this act, and upon conviction thereof may be imprisoned in the state prison for a period of not less than one [1] nor more than five [5] years, or may be imprisoned in the county jail or state penal farm for any determinate period not exceeding one [1] year and fined in any sum not exceeding five hundred dollars [$500], or may be fined in any sum not more than two thousand dollars [$2,000]." (Emphasis added).

However, the State did not have the burden of negating that exception. IC 1971, 23-2-1-16(J) (Burns Code Ed.) provides:

> "It will not be necessary to negative any of the exemptions or classifications in this act provided in any complaint, information, indictment or any other writ or proceedings laid or brought under this act and *the burden of proof of any such exemption or classification shall be upon the party claiming the benefits of such exemption or classification.*" (Emphasis added).

Worsley had the burden of establishing his exemption. *Hippensteel* v. *Karol* (1973), 159 Ind. App. 146, 304 N.E.2d 796; *See also, Gray* v. *State* (1974), 159 Ind. App. 200, 305 N.E.2d 886.

As to the second part of this argument, Worsley contends that the evidence showed that he was an "issuer" of stock not a broker-dealer or agent. Since the statutes underlying counts I and II apply only to agents or broker-dealers, Worsley argues that his conviction was, therefore, contrary to law.

An "issuer" of stock is defined as any person who issues or proposes to issue any security. IC 1971, 23-2-1-1 (f) (Burns Code Ed.). An "agent" is defined as one who represents an "issuer" in the sale of securities. IC 1971, 23-2-1-1 (b) (Burns Code Ed.).

Since Worsley was selling securities of Indy Holding Company, Inc., an Indiana corporation, the jury could properly have found that Indy Holding Co. was an "issuer" in whose behalf, Worsley was selling securities as an "agent". Since this finding has support in the record, we must accept the jury's determination.

The conviction was not contrary to law.

Finally, Worsley contends that his trial counsel was incompetent.

There is a presumption that counsel was competent which may be overcome only by showing that the attorney's actions made the proceedings a mockery and shocking to the conscience of the court. *Kelly* v. *State* (1972), 259 Ind. 414, 287 N.E.2d 872; *Lenwell* v. *State* (1973), 156 Ind. App. 41, 294 N.E. 643.

Worsley's appeals counsel lists several isolated instances in which he believes that trial counsel should have made objections or the objections made were improper. However, as stated in *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686, 696:

"The mere fact that another attorney might have conducted the defense differently is not sufficient to require a reversal. . . . Isolated poor strategy, bad tactics, a mistake, carelessness, or inexperience does not necessarily amount to ineffective counsel unless, taken as a whole, the trial was a mockery of justice. . . ." (Citation omitted).

We are of the opinion that Worsley has failed to overcome the presumption that his counsel was competent.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 317 N.E.2d 908.