FRANCIS RAY BREWER *v.* STATE OF INDIANA.

[No. 2-1075A276. Filed May 25, 1977.]

*Larry R. Champion,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—Appellant-defendant Francis Ray Brewer (Brewer) appeals from his conviction of Entering to Commit a Felony,[1] claiming insufficiency of the evidence, prosecutorial misconduct, error by the trial court in allowing the State to re-open its opening argument, error in admission of certain exhibits, and error in refusal of a continuance after Brewer was unable to depose two State witnesses prior to trial.

Reversed.

## FACTS

On January 20, 1975, Brewer was charged by Information with the crime of Second Degree Burglary.[2]  On the Informa-

---

1.  IND. CODE § 35-13-4-5.
2.  IND. CODE § 35-13-4-4.

tion were listed several potential witnesses including the following names:

Daniel Hughes [Hughes], Central State Hospital

Michael Stuckey [Stuckey], Central State Hospital

On February 5, 1975, Brewer was arraigned, and both the State and defense were ordered to comply with the trial court's rules of discovery within thirty (30) days. On March 5, 1975, a further hearing was held in which trial was set for May 1, 1975.

On March 12, 1975, Brewer having received no information from the State filed a Motion to Produce which requested certain information from the State, including a list of all witnesses the State intended to use in the trial and their addresses.

On April 14, 1975, the State mailed its answer to Brewer's Motion to Produce, received by Brewer on the 16th, which included as witnesses the State intended to produce at trial the same two names listed in the Information:

Daniel Hughes, Central State Hospital

Michael Stuckey, Central State Hospital

Relying upon the listed addresses a notice of deposition to depose Hughes and Stuckey on April 29 was sent to Central State Hospital and to the State. On April 29, which was two days prior to trial, neither the witnesses nor the State appeared.

A hearing was then set by the Court for the next day (April 30) to hear a motion for a continuance based on Brewer's inability to question these witnesses. That motion was overruled, but the State was ordered to produce those witnesses at 8:30 A.M. on the day of trial, May 1, in order for Brewer to question them prior to trial.

Again the State failed to produce Hughes and Stuckey as ordered until after the trial had begun.

After the jury had been sworn, Brewer again moved for a continuance on the ground that it appeared the State was going to use Hughes and Stuckey as witnesses . . . denied. When they were called to testify, Brewer renewed his request for a continuance . . . denied. At the conclusion of their testimony he moved the testimony be stricken from the record . . . denied.

At trial it was established that both these witnesses were in the custody of the State during the period of time in question either at Norman Beatty Hospital, Central State Hospital or the Marion County jail.

The testimony of Hughes and Stuckey was central to the State's case supplying identification testimony.

Upon his conviction of Entering to Commit a Felony Brewer timely filed this appeal.

To recapitulate:

Feb. 5, 1975:    Discovery ordered.

March 5, 1975:    Trial set for May 1, 1975.

March 12, 1975:    Motion to Produce filed by Brewer.

April 14, 1975:    Motion to Produce answered by State.

April 22, 1975:    Notice of Deposition sent to witnesses Hughes and Stuckey at Central State Hospital, (the address given).

April 29, 1975:    Witnesses fail to appear at deposition.

April 30, 1975:    State ordered to produce Hughes and Stuckey before trial the next day.

May 1, 1975:    Witnesses fail to appear before trial, trial begun, and Brewer's motion for continuance denied.

## *ISSUE*

Because we reverse on the continuance issue we need not consider other issues.[3]

1.   Did the trial court commit reversible error by failing to grant Brewer's motion for continuance because he was unable to depose Hughes and Stuckey prior to trial?

Brewer contends that he had a right to depose these witnesses prior to trial and that he acted diligently to do so, but was frustrated by the State's failure to provide him with correct addresses and to comply with a direct court order.

The State responds that Brewer was not diligent in seeking discovery as he was aware of these two witnesses since they were listed in the Indictment.

## *DECISION*

*CONCLUSION*—The trial court committed reversible error by failing to grant Brewer's requested continuance.

The record indicates no lack of diligence by defense counsel. Weeks before trial he began to determine the identity of the State's witnesses. Once determined he acted promptly to examine them before trial and was prevented from doing so by lack of cooperation by the State . . . despite a court order.

Under these circumstances *Murphy* v. *State* (1976), 265 Ind. 116, 352 N.E.2d 479, is controlling. A motion for taking the depositions of seven witnesses was denied and the Supreme Court reversed because of the denial, holding that:

Absent a showing that the defendant had no legitimate defense interest in support of his petition or that the State had a paramount interest to protect, *criminal defendants have a right* under our statute and rules of procedure *to dis-*

3.   As the State points out these issues are probably waived.

*covery,* including the taking of depositions from those persons listed as State's witnesses. *Johnson* v. *State,* (1971) 255 Ind. 589, 266 N.E.2d 57; *Howard* v. *State,* (1969) 251 Ind. 584, 244 N.E.2d 127; *Amaro* v. *State,* (1968) 251 Ind. 88, 239 N.E.2d 394; *Nuckles* v. *State,* (1968) 250 Ind. 399, 236 N.E.2d 818. *See also Antrobus* v. *State,* (1970) 253 Ind. 420, 254 N.E.2d 873; *Bernard* v. *State,* (1967) 248 Ind. 688, 230 N.E.2d 536.

\* \* \*

[T]here was no showing that the defendant's purpose was not bona fide or that there was any paramount interest of the State in nondisclosure. There was no showing of undue burden or expense and no move for any protective order. The petition appears to have been timely filed, under the circumstances of the case. . . . 352 N.E.2d at 481-82. (Emphasis added)

The only distinction between this and the *Murphy* case is that Brewer was denied a continuance for the taking of the depositions rather than being directly denied the right to take depositions. Otherwise the same considerations are present.

The *Murphy* opinion went on to state that the harmless error doctrine does not apply, so it is unimportant that other independent evidence in the record could sustain the conviction of the defendant or that there was eyewitness testimony. *Amaro* v. *State* (1968), 251 Ind. 88, 239 N.E.2d 394. Nor would it matter that the defendant would have probably been unable to rebut the independent evidence. *Frazier* v. *State* (1975), 263 Ind. 614, 335 N.E.2d 623.

Brewer's right to take depositions[4] of witnesses prior to trial having been effectively denied, the judgment should be reversed.

4. Ind. Code § 35-1-31-8 (Burns 1975) has been superceded by the Rules of Trial Procedure and recent decisions of this Court. Trial Rules 30 and 31 provide for the taking of depositions in civil cases, and these rules apply to criminal cases through Ind. R. Crim. P. 21. In *Carroll* v. *State,* (1975) 263 Ind. 696, 338 N.E.2d 264, we applied Ind. R. Tr. P. 32 relating to the use of depositions to a criminal case. The "balancing" doctrine of *State ex rel. Keller* v. *Criminal Court of Marion County* (1974), 262 Ind. 420, 317 N.E.2d 433, displaces the remainder of the statute. Thus, the trial rules, in conjunction with *Carroll* and *Keller,* are the basic law governing the taking of depositions in criminal cases. *Murphy* v. *State* (1976), 265 Ind. 116, 352 N.E.2d 479, 482.

Reversed and remanded for a new trial.

Sullivan and Hoffman, JJ. (by designation), concur.

NOTE.—Reported at 362 N.E.2d 1175.