JERRY K. WILLIS *v.* STATE OF INDIANA.

[No. 1276S436. Filed December 30, 1977.]

*Michael E. Smith, Esquire,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

GIVAN, C.J.—On May 9, 1976, a man and a woman, using a sawed-off shotgun, robbed two women on South Sherman Drive in Indianapolis. Appellant Willis and one, Wanda Henderson, were subsequently charged with two counts of

armed robbery growing out of this incident. Prior to trial Henderson agreed to testify for the State in exchange for pleading guilty and the recommendation that she be sentenced under the minor statute. Defense counsel for Willis orally tendered a motion in limine, asking the court to exclude any testimony of Henderson relating to four other alleged robberies that night unless independent corroboration for such testimony were offered by the State. The motion was denied. At trial the two victims and the investigating police officer testified against Willis. Henderson testified as to the robbery in question and also as to the other four robberies. Willis was convicted on both counts and was sentenced to fifteen years' imprisonment.

The sole contention on appeal is the denial of appellant's motion in limine. He cites *Newman* v. *State,* (1975) 263 Ind. 569, 334 N.E.2d 684, for the proposition that an accomplice's testimony is highly suspect and argues that his motion should have been granted. However, in the *Newman* case evidence of the agreement with the prosecutor was concealed by the State. This Court reversed the conviction on the ground that it should have been revealed.

In the case at bar Henderson's plea bargain arrangement with the State was fully explored on cross examination. Evidence of other crimes is inadmissible on the question of guilt if irrelevant or merely produced to show bad character or criminal tendencies. *Kerlin* v. *State,* (1970) 255 Ind. 420, 265 N.E.2d 22. Nor is it admissible if it is misleading or serves no purpose other than to prejudice the defendant. *Lawrence* v. *State,* (1972) 259 Ind. 306, 286 N.E.2d 830. However such evidence is admissible if it is used to show "intent, motive, purpose, identification or common scheme or plan." *Cobbs* v. *State,* (1975) 264 Ind. 60, 338 N.E.2d 632-633. The evidence here is not misleading; rather it has the legitimate purpose of showing a common scheme of crimes on May 9, 1976. Thus it was properly admitted without independent corroboration.

The trial court is affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 370 N.E.2d 906.