DAVID A. GREEN *v.* STATE OF INDIANA.

[No. 1277S800. Filed October 4, 1978.]

330

*Harriett Bailey Conn, [Mrs.],* Public Defender of Indiana, *K. Richard Payne,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Allen Mertz,* Deputy Attorney General, for appellee.

HUNTER, J.—The petitioner, David A. Green, is before this Court appealing from the denial of his petition for relief under Post-Conviction Remedy, Rule 1. His conviction for first-degree murder was affirmed by this Court on direct appeal, *Green* v. *State,* (1976) 265 Ind. 16, 349 N.E.2d 147. A single issue is before us: was the petitioner denied his constitutionally guaranteed right to effective assistance of counsel?

Ind. R. P.C. 1 § 5 provides that "[t]he petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence." At the post-conviction relief hearing, it is the judge who must weigh the evidence and assess the credibility of witnesses. *Carroll* v. *State,* (1976) 265 Ind. 423, 355 N.E.2d 408. We shall not substitute our judgment for the judgment of the trial court unless the evidence is without conflict and leads unerringly to a different result. *Roberts* v. *State,* (1975) 263 Ind. 53, 324 N.E.2d 265.

The evidence was in conflict. The petitioner has alleged that his trial counsel failed to prepare adequately for his defense because counsel did not meet with the defendant at the jail at all before trial. "He didn't come to the jail once to see me the whole time I was there." Petitioner's attorney testified that he talked to the defendant "several times," sometimes at the courthouse and sometimes over at the jail. He stated that he talked to police officers and prosecuting witnesses. He filed discovery motions; he was ready for trial.

The trial judge was able to judge the demeanor of the petitioner and the defense attorney at the post-conviction relief hearing. *Hoskins* v. *State,* (1973) 261 Ind. 291, 302 N.E.2d 499. The evidence most favorable to the state supports the denial of the petitioner's petition for post-conviction relief. *Hoskins* v. *State, supra.* The petitioner's argument relating to the attorney's failure to interview two witnesses who might have testified regarding petitioner's lack of intent to murder is merely speculative. This Court has often held that speculation as to trial strategy is not relevant in reviewing an attorney's competence. *Dull* v. *State,* (1978) 267 Ind. 549, 372 N.E.2d 171; *Blackburn* v. *State,* (1973) 260 Ind. 5, 291 N.E.2d 686. Moreover, the attorney specifically stated that the defendant *did not ask* that the witnesses be contacted; therefore, the evidence on this factual issue is in conflict, and we shall not reweigh it on appeal.

The petitioner has failed to rebut the presumption that his attorney completely defended him. *Greer* v. *State,* (1975) 262 Ind. 622, 321 N.E.2d 842; *Hoskins* v. *State, supra.* Petitioner received "adequate legal representation," *Thomas* v. *State,* (1969) 251 Ind. 546, 242 N.E.2d 919; his trial was not a "mockery of justice." *Dull* v. *State, supra. See Cottingham* v. *State,* (1978) 269 Ind. 261, 379 N.E.2d 984.

For all the foregoing reasons, there was no trial court error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 380 N.E.2d 1224.