PERRY MCFARLAND *v*. STATE OF INDIANA.

[No. 178S12. Filed October 10, 1978.]

Harriette Bailey Conn, Public Defender of Indiana, Stephen W. Dillon, Special Assistant, for appellant.

Theodore L. Sendak, Attorney General, Robert J. Black, Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of first degree murder and sentenced to life imprisonment. His conviction was affirmed by this Court. McFarland v. State, (1975) 263 Ind. 657, 336 N.E.2d 824. This is an appeal from the denial of post-conviction relief.

At the outset we note that the errors alleged herein have technically been waived for failure to raise them in the prior appeal. See PC 1, § 8. However, since the appellant has alleged incompetence of his trial and appellate counsel and since the trial court treated the issues on the merits, this Court will do likewise.

Appellant first contends the trial court erred in overruling his motion for change of venue. This issue was raised, considered and decided adversely to appellant in his original appeal. However, appellant has attempted to adduce further evidence of pretrial prejudicial publicity. He points to a number of news stories regarding the case. Appellant himself testified that the trial judge was prejudiced. Appellant has shown no more than a possibility of prejudice. Such does not entitle him to a change of venue. Swininger v. State, (1976) 265 Ind. 136, 352 N.E. 2d 473.

Appellant claims he was denied due process because he had no opportunity to challenge prospective grand jurors. IC § 35-1-15-11 [Burns 1975] gives an accused the right to challenge an individual grand juror on the ground that he is so biased that he cannot act impartially. The record in the case at bar shows that appellant was in fact present the day the grand jury was selected; that he was represented by counsel and that no challenges were made to any prospective grand jurors. Thus appellant was afforded the opportunity to challenge grand jurors but apparently did not avail himself of the opportunity. The trial court did not err in finding appellant was not denied due process of law. See *Sisk* v. *State*, (1953) 232 Ind. 214, 110 N.E.2d 627.

Appellant claims he was deprived of his right to counsel during the pretrial and investigation stage and that this trial and appellate counsel was incompetent. Although appellant testified at the post-conviction hearing that he was not told of his right to counsel, he also testified that several attorneys consulted with him during this period. Further, there is evidence that he was represented by a public defender at his preliminary hearing. The trial court heard this conflicting evidence and concluded that appellant had failed to establish that he was deprived of counsel. The trial court's determination will be reversed only where the evidence is without conflict and leads unerringly to the opposite conclusion. *Carroll* v. *State*, (1976) 265 Ind. 423, 355 N.E.2d 408. From this record we cannot say the trial court erred in holding appellant was not deprived of his right to counsel during the pretrial and investigation stage.

Appellant cites several instances of this counsel's alleged incompetence. The presumption that counsel was competent can only be overcome by strong and convincing evidence. *Roberts* v. *State*, (1977) 266 Ind. 72, 360 N.E.2d 825. Isolated mistakes or poor tactics and strategy do not constitute inadequate representation unless the trial was a mockery of justice. *Blackburn* v. *State*, (1973)

260 Ind. 5, 291 N.E.2d 686. The alleged failure of trial counsel to consult with appellant a sufficient number of times, the alleged non-preparation, the use of the insanity defense and the failure to raise certain issues on appeal were disputed issues of fact. The trial court determined that there was competent representation and that appellant's trial and appeal was not a mockery of justice. We hold there is sufficient evidence in the record to support this determination.

Appellant argues the trial court erred in finding that a psychiatrist had rendered a proper medical expert opinion at his original trial. The determination of whether a witness is properly qualified as an expert lies within the sound discretion of the trial court. *Niehaus* v. *State*, (1977) 265 Ind. 655, 359 N.E.2d 513. The professional qualifications of the witness must be established and in addition the witness must have observed facts sufficient to validly form an opinion. *McDonald* v. *State*, (1976) 265 Ind. 167, 352 N.E.2d 708. In the case at bar the physician testified that since 1940, he had been engaged in the general practice along with psychiatric work. He stated that he had conducted sanity and competence evaluations for the courts for the last 12 years. He further testified that he spent one-half hour interviewing appellant. He stated there was no question in his mind as to appellant's sanity. Although appellant testified that the physician examined him for only ten minutes, it was within the prerogative of the trial court to weigh the evidence and determine the credibility of the witnesses. *Carroll* v. *State, supra.* There is sufficient evidence in this record to support the finding of the trial court that the physician was a qualified expert.

Appellant claims the cumulative effect of all the foregoing alleged errors denied him fundamental due process of law in his trial. In his prior appeal appellant raised six assignments of error. This Court found no error. He now raises four additional assignments of error. Again, we have found no error.

The judgment of the trial court is in all things affirmed.
DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.
NOTE.—Reported at 381 N.E.2d 85.