Lea DUNCAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 1074S206.

Supreme Court of Indiana.

Feb. 21, 1980.

John H. McKenna, Gary, for appellant.

Theodore L. Sendak, Atty. Gen., Walter F. Lockhart, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Lea Duncan was charged by indictment in Lake Superior Court with second degree murder. He was tried to a jury and convicted on this charge on March 6, 1974. His trial counsel filed a belated motion to correct errors, alleging an insufficiency of the evidence. This motion was denied. The trial court then appointed Duncan's present counsel to prosecute this appeal. Appellate counsel first filed a petition requesting permission to file a belated and amended motion to correct errors. The trial court granted permission, and the belated motion was duly filed. This motion alleged that appellant Duncan had been denied the effective assistance of counsel at trial. The trial court did not hear any new· evidence, but after hearing argument on the issue, denied the motion. This appeal followed.

The record reveals that appellant Duncan, the victim Charles Rouson, Walter Law, Rodney Phillips and Harry Carr were at Law's home late one night, and all, save Phillips, had been drinking rather heavily. Appellant got into an altercation with Carr and struck him several times. Carr then left the premises. Appellant later began to fight with Rouson, the victim, and Law pushed them outside. They both returned a few minutes later, the dispute apparently resolved. Phillips talked Rouson into leaving the premises on foot at that time, as appellant had originally promised to give Rouson a ride home. A few minutes later, appellant left the house. He returned after approximately fifteen minutes, carrying a large hunting knife covered with blood. He asserted to those present that he had killed Rouson. Witnesses established that earlier in the evening, appellant vowed to kill someone, and specifically threatened to kill Carr. Appellant later enlisted the aid of one of the men in putting the body into the trunk of his car. Rouson's body was found a few days after on an empty lot. He had been stabbed thirteen times, and died of massive stab wounds to the heart and lungs.

While we shall consider this appeal on the merits, as a preliminary matter we wish to clarify certain procedural facts surrounding the appeal of this case. The trial of this case took place in March of 1974. However, due to the failure of Duncan's appellate counsel to have all of the record certified by the Lake County Clerk, and due to appellate counsel's gross neglect in failing to re-submit the record, after completing certification, until December 13, 1979, this cause was not transmitted to this Court until December 19, 1979. We point out these facts merely to explain the considerable amount of time which has elapsed between trial and final disposition by this Court.

Appellant's sole contention on appeal is that his trial counsel was inadequate. Before examining this issue in detail, we note our standard of review in a case of this type. When a defendant challenges the adequacy or competency of his trial counsel, he labors under a great burden. *Rector v. State,* (1976) 264 Ind. 78, 339 N.E.2d 551.

As we have consistently held, there is a strong presumption that counsel has performed competently. To overcome this presumption, appellant must show that what the attorney did or did not do made the proceedings a mockery of justice shocking to the conscience of the reviewing court. *See, e. g., Ottman v. State*, (1979) Ind., 397 N.E.2d 273; *Herman v. State*, (1979) Ind., 395 N.E.2d 249; *Riner v. State*, (1979) Ind., 395 N.E.2d 140; *Dull v. State*, (1978) 267 Ind. 549, 372 N.E.2d 171; *Lenoir v. State*, (1977) 267 Ind. 212, 368 N.E.2d 1356. In deciding whether this burden has been met, this Court will not second-guess choices of tactics or strategy. *Id.* A determination of counsel's adequacy can be made only on the facts and circumstances of each case, *Skinner v. State*, (1978) Ind., 383 N.E.2d 307, and the fact that another attorney, given the luxury of hindsight, might have acted differently does not necessarily mean appellant's counsel was incompetent. *Laird v. State*, (1979) Ind., 385 N.E.2d 452; *Critchlow v. State*, (1976) 264 Ind. 458, 346 N.E.2d 591.

In his brief, appellant points to several occurrences which, he claims, reflect his trial counsel's inadequacy. While these examples may reflect a lack of experience in trying criminal cases, they do not support appellant's conclusion that he was therefore inadequately represented. For example, before the trial began, appellant's counsel moved for a "seclusion of witnesses." What counsel obviously meant to ask for was a *separation* of witnesses, and he did correct himself moments later. In spite of counsel's misstatement, the trial court correctly interpreted his motion and, in fact, granted the motion as originally made. Thus, appellant can show no harm from this slip of the tongue.

On two occasions during the examination of witnesses by the prosecutor, counsel objected to questions on the ground that they were "vague" or "overbroad." Appellant argues that these objections reflect counsel's lack of understanding of evidentiary rules. On one occasion, after this objection, the prosecutor withdrew the question. On the second occasion, the court overruled the objection, but the evidence which was adduced concerned a collateral matter which could hardly be said to have been harmful to appellant, in light of all the evidence presented against him. Again, even if we were to conclude that these incidents reflect mistakes or counsel's lack of expertise on certain questions of evidence, appellant can show no real prejudice.

During the cross-examination of one of the State's witnesses, counsel asked if the witness had ever been arrested. The court sustained the prosecutor's objection. Counsel thus failed to successfully attack the witness' credibility in this manner, but, once more, we are unable to see how appellant was prejudiced. The prosecutor established on redirect examination that the witness had been convicted of a crime, and appellant's counsel attacked the witness' credibility in other ways.

Appellant also relates several instances where counsel objected to a question propounded by the prosecutor on certain stated grounds, but where, appellant asserts, the trial court sustained the objections on other grounds. In the examples appellant cites, however, the arguments stated by trial counsel *did* constitute part of the trial court's grounds for sustaining the objections. Even if counsel failed to cover every possible base in making the objections, the fact remains that the objections were made with success.

Because appellant has chosen to raise the issue on his direct appeal, we must decide this question solely on the record of this trial. No additional evidence was presented on this question. Two written pretrial motions which counsel filed are contained in the record, but we have no other indication as to how much time and preparation counsel put into appellant's case. As we noted earlier, appellant had the burden of overcoming the presumption of competency. Because he has presented no evidence on these facets of trial counsel's performance, we must conclude that counsel's preparation was adequate and competent. *See Lenoir v. State, supra.*

The record in this case reveals that trial counsel thoroughly cross-examined all of the State's witnesses except those who found the body. He presented evidence, through two witnesses, of appellant's good character, and also sought to establish this theory through cross-examination of the State's witnesses. He also sought to emphasize that appellant and the victim had been drinking heavily prior to the incident.

 Having examined the totality of evidence on this issue, we conclude that appellant has not met his burden of overcoming the presumption that he was adequately and competently represented by his trial counsel. Isolated mistakes do not constitute inadequate representation unless the trial was a mockery of justice. *Riner v. State, supra; McFarland v. State,* (1978) Ind., 381 N.E.2d 85. *See Worsley v. State,* (1974) 162 Ind.App. 34, 317 N.E.2d 908. Appellant has not shown how any of trial counsel's alleged mistakes harmed his cause. He cannot relate or connect any of his hindsight criticisms to the jury's verdict. Appellant counsel merely speculates that a more experienced attorney or different tactics would have produced a more favorable result. However, as we explained above, we will not pass judgment on the merits or demerits of the strategy employed. Appellant has not shown that any of trial counsel's judgments or strategies turned the proceedings into a mockery of justice. *See Kerns v. State,* (1976) 265 Ind. 39, 349 N.E.2d 701. Moreover, speculation as to what might have been more appropriate tactics or strategy is not relevant in determining an attorney's competence. *Laird v. State, supra; Green v. State,* (1978) Ind., 380 N.E.2d 1224.

Appellant also asks us to alter our standard of review in this type of case. He suggests that we evaluate an attorney's performance by determining what a reasonable performance would be under the circumstances. As we pointed out in *Merida v. State,* (1979) Ind., 383 N.E.2d 1043, 1044:

"We recently considered this very question and declined to alter the rule. *Cottingham v. State,* (1978) Ind., 379 N.E.2d 984. The present review standard adequately insures that criminal defendants receive competent legal counsel. We see no compelling reason to modify it."

*See also Jones v. State,* (1978) Ind., 387 N.E.2d 440.

The judgment of the trial court is affirmed.

All Justices concur.