**Jerry K. WILLIS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 779S189.

Supreme Court of Indiana.

March 19, 1980.

Harriette Bailey Conn, Public Defender, Carr L. Darden, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Jeffrey K. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On June 21, 1976, defendant-appellant Jerry K. Willis was found guilty by a jury in Marion Superior Court, Criminal Division, of two counts of robbery while armed, Ind. Code § 35–12–1–1 (Burns 1975). He was sentenced to a term of fifteen years on each count, to be served concurrently. An appeal to this Court followed, and the trial court was affirmed on the issue raised there. Willis v. State, (1977) 267 Ind. 439, 370 N.E.2d 906. On September 26, 1978, appellant Willis filed a petition for post-conviction relief under Ind. R.P.C. 1, raising one issue. He alleges that he was denied adequate and effective representation by counsel. After a hearing on this issue, the trial court denied the petition for post-conviction relief. A subsequent motion to correct errors was filed, which was also denied by the court.

Appellant asserts here that ineffective and inadequate representation is demonstrated by the fact that his attorney did not call alibi witnesses to furnish evidence that he was not at the scene of the crime during the time of its commission. The record reveals that an alibi notice was filed by Bagni, appellant's trial counsel, but no alibi evidence was presented at trial. The record also shows that Bagni was enrolled in an eastern university at the time of the post-conviction hearing and was unable to attend and give his version of the facts. Appellant Willis testified at this hearing that he had told Bagni there were five or six witnesses, mostly family members and friends, who would appear in his defense. Appellant claims they would have testified that he was at his parents' home, and in the process of taking his brother's girl friend home to the southern part of the city at the time these robberies took place. Appellant stated he did not contact any of these witnesses himself, since he was in jail and therefore unable to do so. In any event, appellant indicated that he felt his lawyer should have done that. He further testified that he asked his lawyer to call these wit-

nesses, but that his lawyer refused to do so. He claims these witnesses were present in court during the trial, but there is nothing in the record to show that they were subpoenaed or were there for the purpose of testifying.

Although there are references in the record to other witnesses testifying at the post-conviction hearing, the transcript contains testimony of only two other witnesses. Appellant's brother, Derome Willis, testified that appellant was at home on the evening and early morning of May 8 and 9, until about 11:30 p. m., when he took Derome's girl friend home, a distance of about eight miles. Vicky Birge testified that she was Derome's girl friend and was at the Willis home during the evening until appellant took her home about 11:30 or 12:30 p. m. She could not be sure whether it was Friday or Saturday night, however, because appellant took her home on many occasions when she had spent the evening in the Willis home. She further testified she had never talked to attorney Bagni about this. Birge said she understood there was a time when they all were to be at the Willis home to discuss this with the attorney, but she was never there when they did so.

There is nothing in the record to show directly that any other witnesses testified in the post-conviction hearing. The court indicates in its judgment that Willis' mother and father testified, although their testimony does not appear in the transcript. At one point during the hearing, a reference was made to the testimony of Willis' father. Apparently he testified that all of the witnesses were to be at his house one night to meet attorney Bagni, but the witnesses failed to show up. Furthermore, two of the witnesses, David Rutledge and Anita Rutledge, failed to appear at the post-conviction hearing, and there was some discussion of the court issuing a bench warrant for them, requiring them to appear and testify. This was not done, however, and they did not testify.

The trial court found that petitioner's trial counsel did interview possible witnesses, including members of petitioner's family, prior to trial, and that the decision not to call these witnesses to testify was a tactical decision on the part of counsel. The trial court found, therefore, that petitioner had not sustained his burden of proof, and denied him relief.

■ There is a strong presumption that an attorney has properly discharged his duties to his client, and strong and convincing proof is required by the appellant to overcome this presumption. To prevail on this issue, appellant must show that what the attorney did or did not do made the proceedings a mockery of justice shocking to the conscience of the court. *Duncan v. State*, (1980) Ind., 400 N.E.2d 1112; *Herman v. State*, (1979) Ind., 395 N.E.2d 249; *Ottman v. State*, (1979) Ind., 397 N.E.2d 273. We will not second-guess a trial attorney, however, when it appears that a tactical or strategic decision may be shown in retrospect to be a less successful course than one he might have picked. *Duncan v. State, supra*. In reviewing an issue of this type, we look to the totality of the facts and circumstances to determine whether the accused received adequate representation. *Duncan v. State, supra; Cottingham v. State*, (1978) Ind., 379 N.E.2d 984; *Skinner v. State*, (1978) Ind., 383 N.E.2d 307.

■ From the record before us, it is apparent that the court in the post-conviction hearing heard very questionable evidence as to whether the proposed alibi witnesses were cooperative or would have been convincing had they been called to testify. The tactical decision of trial counsel in refusing to call them, then, cannot be considered to indicate inadequacy or ineffectiveness. The record further shows that the two victims of the robbery absolutely identified appellant, first independently and second in a line-up with seven other men having similar features. These witnesses also absolutely identified him at trial. In addition, appellant's accomplice, Wanda Henderson, testified for the State and implicated him in this robbery and four others that took place that night. Viewing all the facts and circumstances of the entire trial, we think the court was fully justified in

finding that appellant failed to carry his burden of showing he did not receive adequate and effective representation of counsel.

The judgment of the trial court is affirmed.

All Justices concur.