Frank J. LEAVER, Appellant,

v.

STATE of Indiana, Appellee.

No. 973S170.

Supreme Court of Indiana.

Jan. 23, 1981.

Harriette Bailey Conn, Public Defender, Darrell F. Ellis, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Linley E. Pearson, Atty. Gen. (as of 1/12/81), John P. Avery, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.*

Petitioner-appellant Frank Leaver was charged in the Floyd Circuit Court with first degree murder under Ind. Code § 35-13 4 1 (Burns 1975). This charge arose out of the November 7, 1962 slaying of Anita Christine Barmore. The cause was tried to a jury in April, 1966, and Leaver was convicted as charged. On his direct appeal, the conviction was affirmed. *Leaver v. State*, (1968) 250 Ind. 523, 237 N.E.2d 368. In 1972, Leaver filed a petition for post-conviction relief, challenging the competency of his trial counsel. That petition was denied, and this appeal followed.

The sole issue presented here concerns whether the post-conviction relief court erred in finding that Leaver did not carry his burden of proof on the question of his trial counsel's incompetence. Petitioner

* This case was assigned to this office for opinion on December 19, 1980.

claims the record of the trial shows thirty-one instances of trial counsel's alleged incompetence. We have categorized these alleged errors into five general areas: (1) questions relating generally to the adequacy of the indictment; (2) questions concerning an alleged unlawful search and seizure; (3) questions concerning jury instructions; (4) issues concerning the handling of the jury; and (5) questions relating to counsel's handling of discovery, procedural and evidentiary matters, and his overall handling of Leaver's defense.

■ There is a strong presumption that an attorney has properly discharged his duties to his client, and strong and convincing proof is required by the petitioner to overcome this presumption. To prevail on this issue, appellant must show that what the attorney did or did not do made the proceedings a mockery of justice shocking to the conscience of the court. *Duncan v. State*, (1980) Ind., 400 N.W.2d 1112, 1114; *Willis v. State*, (1980) Ind., 401 N.E.2d 683, 685; *Herman v. State*, (1979) Ind., 395 N.E.2d 249, 253; *Ottman v. State*, (1979) Ind., 397 N.E.2d 273, 275. In reviewing an issue of this type, we look to the totality of the facts and circumstances to determine whether the accused received adequate representation. *Id.*

## I.

■ Appellant Leaver presents several related allegations of incompetence which stem from the alleged inadequacy of the indictment. The indictment alleged that Leaver

"did unlawfully, feloniously, purposely, and with premeditated malice, strangle the said Anita Christine Barmore about the neck and throat, thereby causing the death of the said Anita Christine Barmore by strangulation, being then and there contrary to the form of statutes in such cases made and provided and against the peace and dignity of the State of Indiana. ..."

We find this language sufficient to allege the offense of first degree murder. *See Heflin v. State*, (1977) 267 Ind. 427, 370

N.E.2d 895; Ind. Code § 35-13-4-1, *supra.* Therefore, trial counsel did not act incompetently in failing to object to: the indictment; preliminary instruction number one; final instruction number one; and the form of the verdict, nor in failing to file a motion in arrest of judgment due to the indictment's alleged failure to state a public offense.

## II.

■ Appellant also argues trial counsel incompetently failed to raise and/or preserve several questions concerning evidence allegedly obtained through an unlawful search and seizure. This argument contains nothing more than petitioner's bald assertions. At a minimum, Leaver fails to show that the evidence in question was, in fact, improperly obtained. *See Hollon v. State*, (1980) Ind., 398 N.E.2d 1273, 1278. The post-conviction relief court did not err in refusing to conclude that this issue revealed trial counsel's inadequacy.

## III.

■ Leaver next contends trial counsel's incompetence was shown by his failure to tender any preliminary instructions, and by his failure to tender any final instructions on lesser-included offenses. Once again, this argument contains only bare assertions. There has been no showing that the preliminary instructions which were given by the trial court were improper or somehow inadequate. Further, appellant has not shown what instructions should have been tendered by trial counsel and how they would have helped his cause. Leaver also argues that trial counsel should have tendered instructions on the lesser-included offenses of assault and battery, and assault and battery with the intent to kill. Such instructions clearly would have been properly refused in this case. *See Goodpaster v. State*, (1980) Ind., 402 N.E.2d 1239; *Lawrence v. State*, (1978) 268 Ind. 330, 375 N.E.2d 208. Thus, we cannot say the court erred in refusing to conclude that these omissions by trial counsel were evidence of incompetence.

## IV.

■ Appellant Leaver next argues that trial counsel incompetently and improperly handled certain matters concerning the jury. First, he argues counsel should have objected to the trial court's refusal to sequester the jury. Second, he claims counsel incompetently failed to spend more than one day in selecting the jury. This presents yet two more questions grounded wholly on speculations. He can show no harm—in the way of exposure to prejudicial publicity, for example—in the trial court's refusal to sequester the jury. Likewise, Leaver has not shown that trial counsel could have had a hand in the length of time used to select the jury. *See Lynn v. State*, (1979) Ind., 392 N.E.2d 449; *Bradberry v. State*, (1977) 266 Ind. 530, 364 N.E.2d 1183. Moreover, he does not explain how taking more time in selecting the jury would have produced a different or more impartial jury; nor has he shown that the jury which tried his case was improperly selected or was not impartial. In any event, to draw conclusions to that effect would be to second-guess, based on pure speculation, counsel's handling of the jury selection. This we will not do. *Duncan v. State, supra; Willis v. State, supra.*

## V.

■ Petitioner argues that trial counsel's failure to file certain motions and to object to certain evidence and testimony shows that this case was handled incompetently. Many of these instances do not reveal either mistakes of law or improper strategy. However, even if we were to employ the luxury of hindsight and agree with petitioner that the instances he cites do reveal questionable judgments, we are not prepared to say that petitioner's trial counsel was therefore incompetent. As we have stated many times:

"Isolated poor strategy, bad tactics, a mistake, carelessness, or inexperience do not necessarily amount to ineffective counsel unless, taken as a whole, the trial was a mockery of justice."

*Hollon v. State, supra*, 398 N.E.2d at 1277. *See Duncan v. State, supra; Willis v. State, supra; Herman v. State, supra; Ottman v. State, supra*. Again, in reviewing a claim of inadequate counsel, we will not second-guess the attorney's decisions as to trial strategy and tactics. *Id.* Petitioner here simply attacks trial counsel's failure to file certain motions. Even a cursory review of the record shows that most of these proposed manoeuvres were groundless and thus would have been futilely made. Those suggested motions which might, in theory, have had some basis, were tactical and strategical matters for trial counsel to resolve. This principle applies with equal validity to petitioner's criticism of counsel's handling of certain witnesses. *See Hollon v. State, supra; Ottman v. State, supra.*

Leaver also challenges trial counsel's handling of certain discovery matters and his overall preparation of the defense. The use of discovery tools is a matter of strategy. *See Cook v. State*, Ind.App., 403 N.E.2d 860, 867–68. There is very little credible evidence bearing on the issue of counsel's preparation, and trial court was completely justified in disbelieving petitioner's testimony in this regard. *Herman v. State, supra*, 395 N.E.2d at 252.

The record in this case reveals that trial counsel filed a motion to suppress and a motion to be let to bail, and apparently hearings were held on those motions. The record also shows that counsel cross-examined each of the State's witnesses. At the hearing on the petition for post-conviction relief, the great bulk of the evidence was made up of testimony from the attorney who represented Leaver on his direct appeal. This testimony merely contains the attorney's opinions—given the luxury of hindsight—as to the quality of Leaver's trial counsel. We believe the post-conviction relief court correctly concluded that petitioner failed to carry his burden of showing that his trial counsel was incompetent.

The judgment of the trial court is affirmed.

All Justices concur.