Peter P. CACCAVALLO, Appellant,

v.

STATE of Indiana, Appellee.

No. 682S234.

Supreme Court of Indiana.

June 21, 1982.

James W. Skinner, Portage, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

## TRANSFER FROM COURT OF APPEALS

GIVAN, Chief Judge.

Appellant was charged with Child Molesting. He was found guilty by a jury and was sentenced to an eight year term of imprisonment. The conviction was reversed by the Court of Appeals in an unpublished memorandum decision. 433 N.E.2d 421. We reverse the Court of Appeals and affirm the trial court.

Appellant is alleged to have had sexual intercourse with a child who was twelve years old at the time. The incident occurred on the night of October 31, 1979. The child lived with appellant and his own children, along with her father, from September, 1979, to January 1980. In January, 1980, the child's father moved back with her mother, from whom he had been separated, while the child continued to live with appellant until May, 1980. The child testified acts of intercourse occurred between her and appellant from October, 1979, to May 1980. She also testified she performed oral sex on appellant both prior to, and subsequent to, the charged act of intercourse.

One of the items of evidence admitted at trial over appellant's objection was a set of seventeen photographs. These photographs depict the child in various nude poses. Two of the photographs were taken by appellant while the child performed fellatio on him.

The child testified the photographs were taken between January and May 1980. Appellant's objection is that the photographs constitute evidence of other crimes and should not have been admitted because their prejudicial effect outweighs their probative value.

The Court of Appeals agreed with appellant and reversed the conviction, holding the fifteen photographs were not admissible as evidence of prior criminal acts used to prove intent, purpose, motive, identity, or common scheme or plan. They held there was no error in admitting the two photographs depicting oral sex between the child and appellant. The Court of Appeals stated the fifteen photographs did not prove any of the elements of the charged offense, did nothing to bolster the credibility of the witness, and had a highly prejudicial effect. Also, the Court of Appeals held the fifteen photographs were not admissible under the depraved sexual instinct rule because they showed no evidence of sexual contact or a course of conduct on the part of appellant to satisfy his sexual desires.

We have often held evidence of other criminal activity is inadmissible except where it may be used to prove intent, purpose, motive, identity, or common scheme or plan. *Montgomery v. State*, (1980) Ind., 412 N.E.2d 793; *Porter v. State*, (1979) Ind., 397 N.E.2d 269; *Choctaw v. State*, (1979) Ind., 387 N.E.2d 1305; *Willis v. State*, (1977) 267 Ind. 439, 370 N.E.2d 906. However, where evidence of other criminal activity can serve none of these purposes but shows a "depraved sexual instinct," we have held such evidence admissible. *Grey v. State*, (1980) Ind., 404 N.E.2d 1348; *Cobbs v. State*, (1975) 264 Ind. 60, 338 N.E.2d 632; *Miller v. State*, (1971) 256 Ind. 296, 268 N.E.2d 299.

In the case at bar we have a situation where the evidence challenged is evidence of sexual activity taking place between the victim of the alleged offense and the accused. The evidence here is admissible because it is relevant to prove the offense charged; that is, it tends to show the act of intercourse alleged to have occurred

on October 31, 1979, did in fact occur. Evidence is relevant if it tends to make an inference more probable. *Smith v. State*, (1981) Ind., 419 N.E.2d 743; *Hill v. State*, (1978) 267 Ind. 480, 371 N.E.2d 1303. This Court has held that evidence relevant to facts in an issue may be introduced even though it tends to show guilt of another crime, especially if the two crimes are related. *Williams v. State*, (1979) Ind., 386 N.E.2d 670; *Grooms v. State*, (1978) 269 Ind. 212, 379 N.E.2d 458; *Woodard v. State*, (1977) 267 Ind. 19, 366 N.E.2d 1160. In the case at bar the victim testified the sexual relationship was a continuing one which existed at the time the photographs were taken; the photographs thus suggest the existence of an intimate sexual relationship between the accused and the victim around the time of the charged offense. The evidence tends to prove the accused had a sexual relationship with the child, which makes more probable the inference that an act of sexual intercourse took place between them on October 31, 1979.

■ Rulings of the trial court as to relevancy of evidence are accorded wide latitude on appeal. *Begley v. State*, (1981) Ind., 416 N.E.2d 824; *Misenheimer v. State*, (1978) 268 Ind. 274, 374 N.E.2d 523. Such a ruling is disturbed only upon a showing of abuse of discretion by the trial court. *Id.* We see no abuse of discretion here. We hold the admission of the photographs was not error.

■ In a related claim appellant claims the trial court erred in admitting the photographs because their admission was prohibited under the Rape Shield Law, I.C. 35–1–32.5–1 through 4 [Burns 1979 Repl.]. The record in this case, however, indicates that at no time was there an objection based on the Rape Shield statute. Grounds for an objection to the admission of evidence asserted on appeal must be the same as those asserted at trial. *Phelan v. State*, (1980) Ind., 406 N.E.2d 237; *Proctor v. State*, (1979) Ind., 397 N.E.2d 980; *Minton v. State*, (1978) 269 Ind. 39, 378 N.E.2d 639. The objection made on appeal is waived if the grounds differ from those asserted at trial.

■ Appellant claims the trial court erred in denying his motion for a continuance made the day of the trial, in order that he might take the child's deposition. Appellant cites *Brewer v. State*, (1977) 173 Ind.App. 161, 362 N.E.2d 1175, in support of the assertion the denial of the continuance here was an abuse of discretion. The record reflects counsel for appellant had been in contact with the prosecutor's office for weeks prior to trial about the taking of a deposition of the child. At that time she was in the custody of various juvenile authorities. The prosecutor, in a hearing on the motion held the morning of the trial, said he would have been willing to produce the witness for a deposition but was unable to make any arrangements for doing so with defense counsel. By the time the contact between the attorneys was made the child was in Indianapolis at the Girls' School and was not returned to Porter County until late on Friday afternoon, with the trial commencing on the following Monday morning.

■ The granting of a continuance lies within the sound discretion of the trial court and will be reversed only where there is an abuse of that discretion. *Dorton v. State*, (1981) Ind., 419 N.E.2d 1289; *Whitacre v. State*, (1980) Ind., 412 N.E.2d 1202; *Aron v. State*, (1979) Ind., 393 N.E.2d 157. We see no abuse of discretion in this case. The subject of the deposition was first raised at a hearing on a Motion to Suppress held October 29, 1980. Appellant was informed the prosecutor would cooperate with his attorney in getting the child's deposition. Despite this assurance, apparently appellant failed to move to depose the child until Wednesday, December 3, 1980, five days before the trial began. We have held the denial of a continuance is not an abuse of discretion when the appellant has failed to exercise due diligence to obtain the information sought prior to trial. *See, Hemphill v. State*, (1979) Ind., 387 N.E.2d 1324; *Miller v. State*, (1971) 256 Ind. 296, 268 N.E.2d 299.

■ Appellant claims the trial court erred in denying him a new trial because of the ineffectiveness of trial counsel. Appellant alleges this ineffectiveness is demonstrated by failure of trial counsel to depose State's witnesses; failure to make an opening statement; failure to depose witnesses whose testimony at a hearing on a Motion to Suppress would have enabled appellant to establish certain evidence was obtained through an unlawful search; and failure to object to testimony from the victim regarding other sexual acts between her and the accused.

■ This Court has frequently held incompetency of representation revolves around the particular facts of each case. *Leaver v. State*, (1981) Ind., 414 N.E.2d 959; *Price v. State*, (1980) Ind., 412 N.E.2d 783; *Line v. State*, (1979) Ind., 397 N.E.2d 975. Isolated mistakes, bad tactics, poor strategy, or inexperience do not amount to ineffective counsel unless, taken as a whole, the proceedings were reduced to a mockery of justice. *Leaver, supra; Baker v. State*, (1980) Ind., 403 N.E.2d 1069; *Royal v. State*, (1979) Ind., 396 N.E.2d 390.

In the case at bar the proceedings were not reduced to a mockery of justice. First we see counsel's choice of waiving an opening statement as a strategic choice we will not second-guess on appeal. *Crisp v. State*, (1979) Ind., 394 N.E.2d 115.

■ As to his failure to depose the State's witnesses, we fail to see what harm accrued to appellant as a result. He does not make it clear on appeal how he might have used information acquired from deposition of the State's witnesses to impeach their credibility or otherwise cast aspersions on their testimony. An appellant alleging incompetency of representation bears the burden of showing how he was harmed by the alleged inadequacy of that representation. *Price, supra; Hollon v. State*, (1980) Ind., 398 N.E.2d 1273. Moreover, we see that in examining the child, appellant's counsel conducted a skillful cross-examination.

Appellant also fails to support an argument that the deposition of certain witnesses would have enabled him to prove some of the evidence was acquired in contravention of the Fourth Amendment. In his brief he simply asserts he "would have been able to establish that the photographs entered into evidence were siezed [sic] as a result of an unreasonable search and seizure." Appellant, however, fails to show what evidence was not adduced by the failure to depose the witnesses. He also fails to show how such evidence would have enabled him to make a credible Fourth Amendment argument. He has therefore failed to show how he was harmed by the inaction of counsel in this regard. *Id.*

■ As to the allegation appellant's attorney demonstrated incompetence by failing to object to the testimony as to other sexual contact between the child and appellant, we believe such an objection would have been properly overruled if it had been made. Our observation is based on the same reasoning we used in treating the first issue in this case, that such testimony was relevant and admissible to prove the charged act did occur. Furthermore, failure to object to questions and testimony is frequently held to be a matter of trial strategy and tactics we do not second-guess on appeal. *See, e.g., Thomas v. State*, (1981) Ind., 417 N.E.2d 1124; *Rinard v. State*, (1979) Ind., 394 N.E.2d 160; *Wynn v. State*, (1976) 265 Ind. 133, 352 N.E.2d 493. A strategy that turns out to be unsuccessful does not establish ineffectiveness of counsel. *Morris v. State*, (1980) Ind., 409 N.E.2d 608; *Critchlow v. State*, (1976) 264 Ind. 458, 346 N.E.2d 591; *Magley v. State*, (1975) 263 Ind. 618, 335 N.E.2d 811.

■ Appellant claims the enhancement of his sentence was error. He was convicted of a Class C felony. Under I.C. 35–50–2–6 [Burns 1979 Repl.], conviction of a Class C felony calls for a five year term of imprisonment, with a possibility of the addition of three years to the basic term if the court finds aggravating circumstances are present, or in the alternative a reduction of three years from the basic term if mitigat-

ing circumstances are found. Those factors that may be considered as aggravating or mitigating circumstances are laid out in I.C. 35–50–1A–7 [Burns 1979 Repl.].

In the case at bar, appellant's sentence was enhanced by a maximum three years allowed under I.C. 35–50–2–6. In support of the enhancement the trial court entered lengthy findings regarding the presence of certain aggravating factors, including: (1) a history of criminal activity; (2) a need of correctional or rehabilitative treatment for appellant at a penal facility; (3) that a reduced sentence would depreciate the seriousness of the offense; (4) the age of the victim; (5) that the crime might have a serious effect on the victim; (6) that the crime is likely to reoccur; and (7) that the defendant showed no remorse for committing the crime.

All of the factors named by the trial court as aggravating circumstances are either authorized by the statute or have been held by this Court or the Court of Appeals to be proper considerations. *See, e.g., Cherry v. State*, (1981) Ind., 414 N.E.2d 301 (consideration of likelihood that defendant will commit another crime is proper); *Coleman v. State*, (1980) Ind.App., 409 N.E.2d 647 (lack of remorse is properly considered as aggravating circumstance); *Hogan v. State*, (1980) Ind., 409 N.E.2d 588 (consideration of age of victim and effect of crime upon victim is proper).

We find appellant's contention that there is no supporting evidence to find aggravating circumstances is incorrect. The evidence in this record and the reasonable inferences the trial court could draw from that evidence support the existence of each named aggravating circumstance.

Appellant also argues the trial court erred in stating there were no mitigating circumstances present. He argues there is evidence of several mitigating factors in this case. However, as the Court of Appeals correctly held in *Bergdorff v. State*, (1980) Ind.App., 405 N.E.2d 550, 555, "[The statute] does not make consideration of mitigating circumstances mandatory. It reads: 'The court *may* consider these factors as

mitigating circumstances . . . . ' " We hereby approve of that interpretation of the statute. Moreover, in considering appellant's sentence under Ind.R.App.Rev.Sen. (2), we do not find the sentence to be manifestly unreasonable, in light of the nature of the offense and the character of the offender. We find no error in the sentencing of appellant.

The opinion of the Court of Appeals is hereby vacated, and the trial court is in all things affirmed.

All Justices concur.