LARRY E. COOPER *v.* STATE OF INDIANA.

[No. 677S442. Filed February 24, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Carr L. Darden, Sr.,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *David Michael Wallman,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Cooper was convicted of first-degree murder at the conclusion of a jury trial in the Boone

Circuit Court on December 15, 1972. He was sentenced to life imprisonment. Upon appeal to this court, his conviction was affirmed. *Cooper* v. *State,* (1974) 261 Ind. 659, 309 N.E.2d 807. A hearing was held on appellant's motion for post-conviction relief under Ind. R. P. C. 1 in July, 1976. This motion was denied in December, 1976, and the present appeal follows.

Two errors are asserted in the denial of post-conviction relief below: (1) that the trial court erroneously found that there was no evidence to support an allegation that appellant's *Miranda* rights were violated at trial; (2) that the trial court erroneously found no evidence that appellant's trial counsel was ineffective and incompetent.

## I.

At trial, the officer who arrested appellant testified that he first saw appellant when he drove up to appellant's house in a police car. At this time, the officer testified, appellant was coming out of the front door of the house. While appellant was standing there, and before the officer got out of his car or said anything, appellant immediately threw up his hands, waved, and said he was "in trouble." The officer asked what kind of trouble, and appellant replied, "take me to jail I shot a guy." These facts constitute the extent of the trial record on the only statement by appellant which is in issue here. At the post-conviction hearing, appellant testified that he was not read his *Miranda* rights before making this statement.

First of all, this statement appears to have been a spontaneous, voluntary statement given before the officer had a chance to read the *Miranda* warnings. As such, it was admissible because it was not the product of "custodial interrogation" within the meaning of *Miranda. New* v. *State,* (1970) 254 Ind. 307, 259 N.E.2d 696. Neither "custody" nor "interrogation" was present in this situation. There is nothing which suggests that sus-

picion had focused on appellant at the time the officer asked him, "what kind of trouble?" Further, this question of the officer was not necessarily designed to elicit an incriminating response; the officer may have wanted to help appellant out of whatever "trouble" appellant had spontaneously mentioned. In essence it is not clear that appellant would have appeared suspect rather than victim to the officer before the time the incriminating statement was made.

Secondly, this statement in issue at the post-conviction hearing is merely cumulative of a full confession made later by appellant on the day of his arrest. The full confession was admitted into evidence at trial after it was found admissible at a pre-trial suppression hearing. Further, this court reviewed the admissibility of the full confession in our earlier opinion in this case, and held that the trial court properly admitted it. For these reasons, there was no error in the denial of post-conviction relief on this issue.

## II.

Appellant testified as to the following three factual allegations of incompetence of counsel at his post-conviction hearing: that his two privately retained attorneys did not consult with him until two days before trial; that his attorneys recommended that he go to trial rather than accept a plea bargain, and; that his attorneys were advised by appellant that he wished to plead insanity, but that his attorneys instead advised that appellant plead self-defense. Appellant did not testify that there was any particular evidence which his trial attorneys failed to bring forward because of the allegedly perfunctory pre-trial consultation. Neither did appellant testify that he was forced into not accepting the plea bargain; he only stated that the decision to go ahead with a trial was "bad advice" which he once followed but would not follow in retrospect. Finally, as far as the purported "insanity" defense is concerned, the record does not reveal that it was ever brought up in any way before the post-conviction hearing,

except that an instruction on mental capacity was tendered by defense counsel and given by the court. Appellant's trial attorneys did not testify at the post-conviction hearing.

All of the applicable standards of evidence and review to the claim made here were recently summarized by this court in *Lenoir* v. *State,* (1977) 267 Ind. 212, 368 N.E.2d 1356, 1358. In view of those standards, and in view of the evidence presented here, we find that appellant has failed to support his post-conviction assertions of incompetency of counsel. Even though appellant's testimony was the only testimony presented at the hearing, and is thus without conflict, it does not even, alone, "lead unerringly to a result not reached by the trial court." *Lenoir, supra.* Under the best light possible, appellant has presented nothing more than a hindsight criticism of trial tactics and strategy.

The judgment of the trial court is affirmed.

All Justices concur.

NOTE.—Reported at 372 N.E.2d 1172.