WILLIAM SMITH, JR. *v.* STATE OF INDIANA.

[No. 1176S407. Filed March 16, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Susan K. Carpenter,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

PIVARNIK, J.—On January 16, 1969, appellant was found guilty, by a jury in the Marion Criminal Court, of first-degree murder and first-degree felony murder. Appellant was tried jointly with a co-defendant, William Bivins, and both received the same convictions and sentences. Appellant did not appeal his convictions. Co-defendant Bivins did appeal, and his convictions were affirmed by the Indiana Supreme Court. *Bivins* v. *State,* (1970) 254 Ind. 184, 258 N.E.2d 644. On January 19, 1976, Smith filed a verified petition for post-conviction relief under Ind. R. P.C. 1. This case is before this court on the trial court's denial of appellant Smith's petition for post-conviction relief.

Appellant raises two issues for review by this court: (1) that the trial court erred in holding both that there was no agreement between the state and the co-defendants who testified against appellant, and that appellant had not sustained his burden of proof by a preponderance of the evidence that such an agreement existed, and; (2) that the trial court committed fundamental error in sentencing appellant to two counts for one offense.

I.

The facts necessary for consideration of the first issues are

as follows. There were no eyewitnesses to the crime in question other than the co-defendants. Testimony of co-defendants Mayberry and McElwain tended to prove that co-defendant Bivins drove to Mayberry's home on November 2, 1967. Mayberry asked for a ride, and on getting into Bivins' car found McElwain and appellant Smith there. Mayberry then drove the car to an alley near a hardware store and waited in the car while Bivins, McElwain, and Smith went inside. Bivins apparently wanted to buy some tacks, and when the clerk opened the cash register Bivins engaged in a struggle with him. In the course of the struggle Bivins asked for aid and three shots were fired, leaving the clerk wounded. McElwain testified that all three of them exited with the money from the cash register, and that appellant Smith had a gun at his side. The proceeds of the robbery were later divided between the four.

All four defendants were charged with first-degree murder and felony murder in June 1968. On July 28, 1968, the state requested that bond in the amount of $1000 be set for defendants Mayberry and McElwain. This motion was sustained and both defendants were later released on bond. On a further motion by defendants McElwain and Mayberry, they were granted separate trials, resulting in Smith and Bivins being tried jointly in the present case. Subsequent to this trial, on April 7, 1969, defendant McElwain entered a plea of guilty to manslaughter. McElwain was later sentenced to two to twenty-one years by the court. This sentence was suspended and McElwain was placed on probation. The same result was had for defendant Mayberry.

Appellant attempted to show at the post-conviction hearing that an agreement was in effect to gain the testimony on behalf of the state from Mayberry and McElwain, and that said agreement was not made apparent at trial so that the credibility of these witnesses was not able to be tested by the jury. It should first be noted that this issue was well within the knowledge of this appellant

at the time of entry of judgment, and in fact was raised in his motion to correct errors which was overruled by the court at the time. This issue was therefore available for the appellant to raise on appeal, which he chose not to do. The post-conviction rules were not intended to be used as a substitute for appeal. *Garr* v. *State,* (1974) 262 Ind. 134, 312 N.E.2d 70. The fact that appellant chose not to raise this issue on appeal would justify this court in finding that he had waived this issue.

However, an examination of the record shows that this issue has no merit and the trial court properly ruled in regard to it. There was no evidence of any agreement, or of a deal as appellant chooses to call it, which was not presented to the jury at the time of trial. It was brought out in cross-examination of defendants Mayberry and McElwain that they were out on bond at the time of their testimony. They stated that no agreement or promise was made to them in any way. They did state that they were told by their attorney to tell the truth, and that the prosecutor would then consider this when their trials came up. The jury was thus made aware of the circumstances of Mayberry's and McElwain's testimony through their testimony at the trial. The facts made it very apparent that McElwain and Mayberry were involved in the robbery, but that the actual assault which led to the death of the victim was committed by Smith and Bivins. The truth, then, is that there was no actual agreement made between the state and McElwain and Mayberry, but because of their involvement as compared to that of Smith and Bivins, together with their cooperation in testifying, they might expect to receive lesser sentences. This was as apparent before the jury at trial as it was at the post-conviction hearing. The appellant therefore failed to carry his burden of proving that defendants McElwain and Mayberry were testifying for the state with undisclosed questions concerning their credibility. The court properly overruled the appellant in this issue.

## II.

The appellant next claims the trial court erred in sentencing him to two life imprisonment sentences for the killing. Appellant is correct in this contention. Although the evidence sustains the jury verdict of guilty under either count, the trial court could not impose a sentence on each count. We therefore hold that the sentence of life imprisonment on one of the counts must be vacated. *Bobbitt* v. *State,* (1977) 266 Ind. 164, 361 N.E.2d 1193; *Franks* v. *State,* (1975) 262 Ind. 649, 323 N.E.2d 221.

This case is ordered remanded to the trial court with directions to vacate one of the life sentences. In all other respects, the trial court is affirmed.

All justices concur.

NOTE.—Reported at 373 N.E.2d 884.