PERCY J. PINKSTON, JR. *v.* STATE OF INDIANA.

[No. 777S498. Filed July 10, 1978.]

*Bruce S. Cowen,* Deputy Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak*, Attorney General, *Terry G. Duga*, Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged with armed robbery, Ind. Code § 35-12-1-1 (Burns 1975) and with inflicting physical injury in the commission of a robbery, Ind. Code § 35-13-4-6 (Burns 1975). Following a trial by jury he was convicted upon both counts and sentenced to imprisonment for thirty (30) years for armed robbery and for life for inflicting injury. His direct appeal presents the following issues:

(1) Did the trial court err in sentencing the defendant upon both the "armed robbery" verdict and the "inflicting physical injury" verdict?

(2) Did the trial court err in admitting into evidence items taken from the possession of the defendant and his accomplices at the time of their arrest?

(3) Did the trial court err in admitting evidence of eyewitness identification of the defendant immediately after the commission of the crime?

(4) Did the trial court err in overruling the defendant's motion for a directed verdict predicated upon a lack of evidence of the infliction of physical injury?

(5) Did the trial court err in denying the defendant's motion to strike questions propounded to the defendant on cross-examination, which motion was based upon the prosecutor's reference to the paper which he held as the defendant's "F.B.I. Rap Sheet"?

## ISSUE 1

The defendant correctly contends that the trial court erred in sentencing him for both armed robbery and inflicting injury in the commission of a robbery. Since the armed robbery of which the defendant was convicted was embodied in the charge of inflicting injury, a con-

viction upon the latter would have been a bar to any subsequent prosecution for the armed robbery. *Roberts* v. *State,* (1977) 266 Ind. 72, 360 N.E.2d 825, and cases there cited.

## ISSUES II & III

During the early hours of July 15, 1975, Officer Wolfe was called to the scene of an armed robbery. After talking to several witnesses, he immediately dispatched a general description of the robbery suspects. Upon hearing the dispatch, Officer Spearman noticed an automobile approaching the downtown area with two male black occupants who closely fit the dispatched descriptions, one of which was of the defendant. Officer Spearman stopped the car, and asked the occupants to step out and produce some identification. Spearman was immediately joined by two other policemen who came to assist. After explaining why they were stopped, the officers searched the suspects for weapons and made a general observation of the car. As Officer Spearman approached the rear of the car he noticed that the lid of the trunk was bent, and there was a crack between the lid and the frame. He shined his flashlight into the opening and saw a man's arm. He told the man inside the trunk to come out. The subject was unable to get out, so the officer asked the driver for the key to the trunk, which he then proceeded to open. In plain view in the trunk Officer Spearman found a black box, money which was strewn about and a cigar box containing receipts from the restaurant which had been robbed. The defendant and his two companions were then placed under preliminary arrest and returned to the scene of the robbery, where they were identified by several of the witnesses.

Under separate headings in his brief, the defendant argues that his arrest was illegal, and that the "show-up" identification conducted fifteen minutes following the commission of the crime was unlawful, because it followed the illegal arrest and because his counsel

was not present. The defendant has waived these bald conclusions by his failure to support them with any reason or authority as required by Ind. R.Ap.P. 8.3(A)(7), therefore we will not discuss these issues other than to state that they appear to be without merit. *Also see, Lawrence* v. *State,* (1978) 268 Ind. 330, 375 N.E.2d 208.

### ISSUE IV

At the close of the State's case in chief the defendant moved for a directed verdict based upon the State's alleged failure to prove that physical injury had been inflicted as contemplated by the statute. He alleged that the "slight bruises" received by the victims were too minor to constitute injuries. The motion was renewed and again denied at the close of all evidence, and the denial is assigned as error.

During the course of the trial Leonard Burgett and Paul Armstrong testified as to the injuries they received at the time of the robbery. Each stated that the defendant struck him in the head with a revolver. As a result of the blow, Burgett sustained a welt on the back of his head for two weeks. The blow to Armstrong broke the skin over his left eye, and resulted in a bump protruding approximately one inch on his forehead and a blackened eye.

The defendant cites *Tibbs* v. *State,* (1970) 255 Ind. 309, 263 N.E.2d 728 in support of his argument that the above injuries were too trivial to constitute "physical injury" within the meaning of the statute. The State correctly points out in its brief, however, that the *Tibbs* case is not in point. Tibbs was charged with inflicting injury on a third party by use of a knife. The court held that evidence showing that the victim was struck by a bottle thrown by an unknown party did not prove that the defendant had injured the victim with a knife. No mention is made in the opinion as to the type or degree of injury required by the statute.

A common definition of injury is "a hurt or damage done

to a man's person such as a cut or a bruise." *Black's Law Dictionary* 925 (4th ed. 1957). The applicable statute, Ind. Code § 35-13-4-6 (Burns 1975) provides:

> "Whoever inflicts any wound or other physical injury upon any person with any firearm, dirk, stiletto, bludgeon, billy, club, blackjack, or any other deadly or dangerous weapon or instrument while engaged in the commission of a robbery, or while attempting to commit a robbery, shall, upon conviction, be imprisoned in the state prison for life."

The statute does not purport to specify any minimum degree of injury required, therefore, an injury in any degree is proscribed. In the appeal of Defendant's confederate, we recently held that it was not required that the sustained injuries required medical attention. *Lawrence* v. *State, supra.*

## ISSUE V

During direct examination, the defendant testified as to his prior criminal record. He stated that he had been convicted of forgery, that he had pleaded guilty on a robbery charge and that he had been convicted on several counts of assault and battery. On cross examination the State questioned the defendant concerning his past record and in seeking to clarify one of the convictions made reference to an "F.B.I. Rap Sheet." The defendant objected to such reference on the basis that the State had failed to prove the record. On appeal, the defendant asserts that such cross examination was a "blatant violation of the rights of the defendant * * * tantamount to not receiving a fair trial as required by the Constitution * * *." Once again, the defendant has failed to support his position with any reason or authority, Ind. R.Ap.P. 8.3(A)(7), and we deem the issue waived.

The cause is remanded to the trial court with instructions to vacate the sentence upon the armed robbery count. In all other respects the judgment of the trial court is affirmed.

Givan, C.J., and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 377 N.E.2d 1355.