PAUL E. ELIACIN *v.* STATE OF INDIANA.

[No. 1177S792. Filed September 27, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Jewell K. Smith,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Richard Albert Alford,* Deputy Attorney General, for appellee.

PRENTICE, J.—Petitioner (Appellant) is before this Court appealing the denial of his petition for post conviction relief. Ind. R. P. C. 1. He was originally charged with and convicted of second degree murder, Ind. Code § 35-1-54-1 (Burns 1975), in a trial by jury, and sentenced to an indeterminate term of not less than fifteen (15) nor more than twenty-five (25) years imprisonment. His conviction was affirmed by this

Court on direct appeal. *Eliacin* v. *State,* (1975) 263 Ind. 119, 325 N.E.2d 201. On appeal from the denial of his petition, he presents the following issues for review.

(1) Whether the waiver of rights and the subsequent confession were the products of psychological coercion, and thus involuntary and inadmissible as evidence.

(2) Whether the petitioner was deceived when he confessed to the charge of assault and battery with intent to kill, which charge was later changed to murder upon the death of the victim, thereby rendering his confession involuntary.

## ISSUE I

On direct appeal to this Court, the petitioner raised the issue of whether or not his waiver of rights and confession were voluntarily given. We there held at 263 Ind. 122:

> "In the case at bar, however, no threats or promises were made. The evidence of the circumstances surrounding Appellant's confession supports the trial court's determination that the confession was freely and voluntarily given. We therefore hold there was no violation of the Appellant's constitutional rights and that the trial court did not err in permitting the waiver and the statement of the Appellant in evidence."

The petitioner here argues that his confession was induced by psychological coercion, and therefore involuntary. The argument is based upon the same factors upon which his direct appeal was premised and, having already been adjudicated, is now unavailable. Ind. R. P. C. 1, § 8; *Prophet* v. *State,* (1974) 262 Ind. 312, 315 N.E.2d 699.

The petitioner acknowledges that the issue of "voluntariness" was litigated previously but claims entitlement to a second review, because his earlier claim did not present the issue of psychological coercion. We disagree, notwithstanding that the trial judge believed him to be so entitled. If the

confession was coerced, it was not voluntary, and this is so without regard to the nature of the coercion. The issue previously litigated was whether or not the confession was voluntary, and it was incumbent upon the petitioner, in those proceedings, to support his claim with all evidence then known or reasonably ascertainable that bore upon the issue.

Further, the petitioner's charge that the psychological coercion claim was not raised on direct appeal does not appear to be tenable. The alleged coercion was the police refusal to permit the petitioner to talk to his fiance, Miss Gulley, whom they were detaining, until he gave a statement. Our opinion on the direct appeal expressly reflects that when the petitioner asked to talk to Miss Gulley, he was informed that she was not then available but that he could talk to her in a few minutes. No condition was attached to the grant of his request.

Petitioner also claims the trial judge's finding that he, the petitioner, was allowed to talk to his fiance before he signed the statement was contrary to his uncontradicted testimony. This does not appear to be correct. The testimony was that he did not talk to Miss Gulley until after he *gave* the statement. The sequence of events was that he gave his statement, talked to his friend while the statement was being type-written and then signed the statement.

## ISSUE II

Under this assignment, the petitioner is, in essence, raising new grounds upon which to base the same error raised in Issue I, the admission of his confession into evidence. These grounds were available to the petitioner at the time of his first appeal. Having elected not to raise them at that time, he has waived any further review. Post Conviction Remedy Rule 1, § 8; *Davis* v. *State*, (1975) 263 Ind. 327, 330 N.E.2d 738. However, since the judge who heard the petition chose to treat this issue upon its

merits, we will review it. *Johnson* v. *State*, (1974) 262 Ind. 183, 313 N.E.2d 542.

In a post conviction proceeding, the burden of proof rests with the petitioner to establish his grounds for relief by a preponderance of the evidence. Post Conviction Remedy Rule 1, § 5. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. His determination will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Carroll* v. *State*, (1976) 265 Ind. 423, 355 N.E.2d 408.

Petitioner was booked on charges of assault and battery with intent to kill at approximately 9:20 p.m. on July 13, 1973. At 10:24 p.m. he signed a waiver form and began to give his statement, which was completed at approximately 11:00 p.m. The victim died at 10:30 that same evening, as the result of a gun shot wound over his right eye. In his brief, the petitioner argues that the police department's failure to advise him of the victim's death as soon as it was learned, constituted an unreasonable deception on the part of the State.

In *Layton* v. *State*, (1973) 261 Ind. 251, 301 N.E.2d 633, we found that a confession would not be rendered inadmissible on the grounds that the defendant had not been advised prior to confessing that the victim had in fact died of the act to which the defendant confessed. As stated by the trial court in its conclusions of law, "the movant as a reasonable person knew or should have known that the nature of the gun wound was such that there was very high probability that the victim would die."

The confession, having been voluntarily given following a valid waiver of rights, was, as a matter of law, admissible in evidence against the defendant for any purpose.

We find no error. The judgment of the trial court is affirmed.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 380 N.E.2d 548.