Bilal Abdul RAHIM, a/k/a George P. Hester, Appellant (Petitioner below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 880S330.

Supreme Court of Indiana.

March 13, 1981.

Harriette Bailey Conn, Public Defender, Howard N. Bernstein, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He was convicted by a jury of first-degree murder and sentenced to life imprisonment. The conviction was affirmed by a majority of this Court in *Hester v. State*, (1974) 262 Ind. 284, 315 N.E.2d 351. His petition now raises this sole issue:

1. Whether the defendant was denied his right to effective assistance of counsel.

In post-conviction proceedings, the burden of proof rests with the petitioner to establish his grounds for relief by a preponderance of the evidence. *Laird v. State*, (1979) Ind., 385 N.E.2d 452; *Davis v. State*, (1975) 263 Ind. 327, 330 N.E.2d 738. It is the responsibility of the judge hearing the petition to weigh the evidence and judge the credibility of witnesses, and his determination denying relief will be reversed only where the evidence is without conflict and leads unerringly to a result other than that reached by the trial court. *Baker v. State*, (1980) Ind., 403 N.E.2d 1069; *Riner v. State*, (1979) Ind., 394 N.E.2d 140.

After defendant's arrest in February of 1971, he was incarcerated at the Delaware County Jail and was eventually transferred to the Indiana Reformatory. A psychiatrist examined defendant at the reformatory and found him to be "grossly psychotic." In April of 1971, he was admitted to the Norman Beatty Memorial Hospital for "safe-keeping and observation." While there, he was administered the drug Thorazine, an anti-anxiety, anti-psychotic medication.

Defendant was released from the hospital in December of 1971 and returned to the Delaware County Jail. Sometime in the spring of 1972, the cause was venued to Wayne County where defendant pleaded not guilty by reason of insanity. In October of 1972, defendant was found competent to stand trial, and he was tried in November of 1972 during which time he continued to receive Thorazine at the Wayne County Safety Building where he was being held.

It is defendant's contention that he was denied effective assistance of counsel, and hence a fair trial, because his trial attorney failed to "fully develop" the fact that he was taking medication during trial and failed to tender an instruction to that effect. He maintains that his in-court behavior was strongly conditioned by the medication and that the jury should have been informed that the insanity defense was to be applied to a basic behavior pattern which was not the one they were observing.

█ There is a presumption that counsel has discharged his duty fully, and it requires strong and convincing evidence to rebut this presumption of adequacy. *Riner v. State, supra; Crisp v. State,* (1979) Ind., 394 N.E.2d 115. In order to prevail, a defendant must show that his representation was so inadequate as to reduce the trial, taken as a whole, to a mockery of justice. *Baker v. State, supra; Huggins v. State,* (1980) Ind., 403 N.E.2d 332.

█ First, we note that defense counsel did elicit from witnesses the fact that defendant was taking Thorazine three times a day which made him feel more relaxed and that Thorazine was a fairly powerful anti-anxiety and anti-psychotic agent. Second, and more important, defendant presented no evidence at the post-conviction hearing explaining why he was receiving Thorazine and what his behavior would have been had he not been given the medication.

The only expert witness called by the defendant at the post-conviction hearing was a psychiatrist who had never examined the defendant and who testified that Thorazine was used for a variety of purposes and had multiple effects, one of which was to control aggressive behavior. Defendant places primary emphasis on this latter property of Thorazine, but there was absolutely no evidence that defendant was an aggressive or violent individual who needed the medication in order to prevent him from exhibiting that kind of conduct.

In fact, defendant's expert testified that 400 to 800 milligrams of Thorazine per day usually controls aggressive behavior, but the evidence established that during the murder trial, defendant was receiving only 150 milligrams of Thorazine daily. In addition, defendant himself testified that at the time of the murder, he had ingested a quantity of alcohol and speed and that without those substances, he did not normally act in a violent or aggressive manner.

The cases cited by defendant are readily distinguishable. In *State v. Hayes,* (1978) 118 N.H. 458, 389 A.2d 1379, the Supreme Court of New Hampshire was presented with a certified question of whether a trial court could force a defendant to take medication against his will prior to and during trial where the evidence was uncontroverted that he was mentally competent to stand trial only while under the influence of that medication. The Supreme Court answered in the affirmative as long as the jury was instructed about the facts relating to the defendant's use of medication. In the case at bar, defendant makes no contention that he was compelled to take drugs against his will in order to render him competent for trial.

In *In re Pray,* (1975) 133 Vt. 253, 336 A.2d 174, the defendant was convicted of first-degree murder, despite his plea of insanity, and sentenced to life imprisonment. The Supreme Court of Vermont reversed and ordered a new trial because the state failed to disclose to the jury the fact that defendant had been administered a large dosage of medication by a state hospital which made his quiet and tractable during trial. The defendant and his counsel were relieved of this obligation because they were never fully informed of the extent or effect of the drugs. Unlike the case at bar, the jury in *Pray* was completely unaware of defendant's medication, and there was evidence in *Pray* that defendant would have been difficult to control without the drugs. We therefore hold that defendant's contention that he was denied effective assistance of counsel and a fair trial is without merit.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.