**Nathaniel CUMMINGS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 381S68.**

Supreme Court of Indiana.

April 29, 1982.

Harriette Bailey Conn, Public Defender, James G. Holland, Special Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was found guilty on five counts of a six-count indictment. He was sentenced to terms of imprisonment of fifteen years on each of the two counts and a term of life imprisonment on a third count. Sentence was withheld on the other two counts. We affirmed the conviction in *Cummings v. State*, (1979) Ind., 384 N.E.2d 605. Appellant petitioned the trial court for post-conviction relief. The petition was denied. He now appeals that decision.

Appellant first argues he was entitled to an instruction regarding a lesser included offense to Count Six of the indictment, which was for Infliction of Physical Injury While in Commission of a Felony, to-wit: Robbery. A lesser included offense to Count Six, he contends, was Armed Robbery, which was embodied in a separate count in the indictment, Count Five. He then argues the fact his trial counsel did not request such an instruction demonstrates incompetence of representation.

It is well settled that in a petition for post-conviction relief the appellant may not raise an issue which was or could have been raised in his original trial. *Holt v. State*, (1980) Ind., 408 N.E.2d 538; *Bryant v. State*, (1980) Ind., 406 N.E.2d 1177; *Riner v. State*, (1979) Ind., 394 N.E.2d 140; *Eliacin v. State*, (1978) 269 Ind. 305, 380 N.E.2d 548.

However, as stated the related ground on which appellant asserts his petition was erroneously denied is that counsel's failure to

request a lesser included offense instruction constitutes inadequacy of representation. Thus a consideration of the merits of appellant's argument with respect to the lesser included offense instruction is necessary.

■ The record shows Count Five was for Commission of a Felony While Armed, to-wit: Robbery. Count Six was for Infliction of Physical Injury While in Commission of a Felony, to-wit: Robbery. Both counts were based on the taking of money from one Eva Messick, a customer of an Indianapolis cleaning establishment appellant and a companion were accused of robbing. We have held armed robbery to be a lesser included offense of the greater offense of infliction of injury in the commission of a robbery. *Pinkston v. State*, (1978) 268 Ind. 627, 377 N.E.2d 1355; *Bobbitt v. State*, (1977) 266 Ind. 164, 361 N.E.2d 1193; *Swininger v. State*, (1976) 265 Ind. 136, 144, 352 N.E.2d 473. Thus appellant is correct in the assertion Count Five was a lesser included offense of Count Six.

However, the fact Count Five was a lesser included offense of Count Six does not mean appellant was entitled to an instruction regarding the concept of the lesser included offense generally. In those cases where we have reversed convictions due to failure to give a lesser included offense instruction the lesser included offense was not charged as a separate count in the indictment. *See, Freeman v. State*, (1967) 249 Ind. 211, 231 N.E.2d 246; *Watford v. State*, (1957) 237 Ind. 10, 143 N.E.2d 405. Also, we find the case of *Owen v. State*, (1978) 269 Ind. 513, 381 N.E.2d 1235, instructive on this question. There the appellant argued reversible error was committed when he was denied an instruction on a lesser included offense. However, both offenses were charged as separate counts in the indictment. We stated:

"Assuming, arguendo, that appellant is correct that assault and battery with intent to kill is a lesser included offense of commission of a felony while armed, there was no harm to appellant in the present instance. As mentioned earlier, appellant was charged with assault and battery with intent to kill. The jury was adequately instructed on this offense, though as a separate offense from the commission of a felony while armed and not as a lesser included offense. Since the jury then convicted of the greater offense, there is no reversible error." *Id.* at 523, 381 N.E.2d at 1241.

■ We hold where the lesser offense is charged as a separate count of the indictment and the jury is adequately instructed as to the elements of that offense, the defendant is not entitled to a lesser included offense instruction.

■ It follows, then, that appellant's argument that he received inadequate representation from counsel must fail. We have held incompetence of counsel cannot be shown where the argument is predicated on an erroneous assertion the defendant was entitled to an instruction on lesser included offenses. *Leaver v. State*, (1981) Ind., 414 N.E.2d 959. Such an omission can hardly be said to reduce the proceeding to a mockery of justice shocking to the conscience of the reviewing court, which is the standard of review we use in considering a claim of inadequacy of representation. *Rahim v. State*, (1981) Ind., 417 N.E.2d 343; *Leaver, supra; Huggins v. State*, (1980) Ind., 403 N.E.2d 332. We hold the post-conviction court correctly ruled inadequacy of representation was not shown by the petitioner.

■ This disposes of the issues raised by petitioner in his petition for post-conviction relief. However, we raise one other issue *sua sponte*. In reading the cases holding armed robbery to be a lesser included offense of infliction of injury in the commission of an armed robbery, we find we have identified as error the sentencing of the defendant on both the lesser and greater offenses. *See, Pinkston, supra; Bobbitt, supra; Swininger, supra.* To do so subjects the defendant to double punishment for the same offense, which is clearly prohibited. *See, Thompson v. State*, (1973) 259 Ind. 587, 290 N.E.2d 724.

In the case at bar the trial court correctly recognized that sentencing appellant on both the lesser and greater offenses would be error. The court then entered an order sentencing appellant on the other counts of the indictment on which the jury had returned a guilty verdict and further stated: "Counts 4 & 5 being lesser included offenses of Count 6, *sentencing is withheld* on Counts 4 & 5." (Emphasis added.) The commitment order issued states *inter alia*: "[D]efendant ... is guilty of the crime of: as charged by Count's [sic] I, II, IV, V, VI on verdict of the jury [and is to be] imprisoned for a period of: Count I, Fifteen Years, Count II, Fifteen Years, Count VI, Life ...." Thus the trial court did not actually pronounce sentence on appellant on the lesser included offense but instead withheld a pronouncement of sentence.

In *Bean v. State*, (1978) 267 Ind. 528, 371 N.E.2d 713, we considered whether an entry of judgment and a withholding of sentencing on a lesser included offense was a double punishment, where judgment was entered and sentence pronounced on the greater offense. We held: "Although the state argues that an entry of judgment and withheld sentence cannot be deemed a punishment, we feel the rule of *Thompson, supra,* applies equally to withheld or suspended sentences." *Id.* at 533, 371 N.E.2d at 716. Thus in the case at bar the trial court did erroneously subject appellant to a double punishment by entering judgment and withholding sentence on the lesser included offense. We must therefore remand this case to the post-conviction court with instructions to correct this error by vacating the entry of judgment and order withholding sentencing on Count Five of the indictment.

The trial court is in all other things affirmed.

All Justices concur.