**Jeffery Allen WHITACRE, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 382S110.

Supreme Court of Indiana.

Dec. 27, 1982.

Susan K. Carpenter, Public Defender, Ali A. Talib, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with the crime of Forgery. Later a count of habitual offender was filed. Appellant was found guilty on the forgery count and was also found to be an habitual offender. He was sentenced to a five year term of imprisonment upon conviction on the forgery count. That sentence was enhanced by an additional thirty years under the habitual offender statute.

Appellant appealed his conviction. In *Whitacre v. State*, (1980) Ind., 412 N.E.2d 1202, this Court affirmed the conviction.

Appellant then brought a petition for post-conviction relief to the trial court under Ind.P.C.R. 1. A hearing was held on appellant's petition on April 27, 1981. The trial court denied appellant's petition that day. The court entered Special Findings of Fact and Conclusions of Law as required by Ind.P.C.R. 1 § 6. Appellant now appeals the denial of post-conviction relief.

The sole issue raised on appeal is whether the trial court erred in determining appellant failed to demonstrate his appointed

trial attorney showed incompetence by virtue of his alleged failure to effectively and timely communicate to him a plea bargain offer by the prosecutor.

The relevant facts are these. Appellant was charged with forgery on April 5, 1979. Michael Boonstra was appointed as pauper counsel in the case. Boonstra testified in the post-conviction proceeding that prior to trial, held August 28–30, 1979, there were plea bargain negotiations between him and the prosecutor, Branham.

Branham testified these communications began in late June or early July of 1979. Boonstra said Branham indicated he would file an habitual offender charge if appellant did not agree to plead guilty to the forgery charge. Branham testified that as a prosecutor he always used this procedure whenever he charged a party who had two prior felony convictions on his record. He further testified he always set a deadline date by which the charged party must agree to the plea bargain offer, or else the habitual charge would be filed and would not be dismissed by motion of the prosecutor for any reason. Branham stated the deadline date in appellant's case was August 1, 1979. When Branham received no agreement to the offer by that date, he filed the habitual offender charge the next day.

Boonstra testified he communicated the prosecutor's proposal to appellant twice. He stated on one such occasion he explained the offer to appellant at a personal meeting with him conducted in Boonstra's office. Though at first he stated he could not recall when this meeting took place, he later said he was sure it was prior to July 24, 1979, the date on which he sent appellant a letter about some other matters in the case. He related the second such communication to appellant was made on August 3, 1979, when he mailed appellant a "speed memo." The speed memo was entered into evidence. The last sentence of the memo read, "The prosecutor's office is going to file an habitual offender criminal charge against you." This statement was incorrect and misleading because the prosecutor had already filed the charge a day earlier. Boonstra conced-

ed he was unaware the prosecutor had done so when he sent the memo. Boonstra stated when he first contacted appellant about the plea bargain offer and explained it to him, appellant said he was not guilty of forgery and refused to plead guilty.

Appellant testified he first discovered the habitual offender charge had been filed on the second day of the trial, August 29. He stated he never saw Boonstra's August 3 speed memo. He admitted Boonstra told him "there was a chance they could file [an habitual offender charge] and it had not been filed yet." He did not say when Boonstra related this feeling to him. He stated he was not told of any possibility a guilty plea to the forgery charge could be entered in lieu of standing trial on the habitual offender charge. He stated had he known of the existence of the plea bargain offer he would have accepted it.

The trial court's findings of fact and conclusions of law were *inter alia* that attorney Boonstra effectively and timely communicated the plea bargain offer to appellant some time prior to July 24, 1979. The court's essential conclusion of law was that counsel was not incompetent.

Appellant challenges the court's findings as being unsupported by the evidence. Appellant asserts, "The uncontradicted evidence . . . clearly demonstrates that trial counsel for appellant did not effectively or timely communicate any proffered plea to appellant."

Appellant recognizes in a post-conviction proceeding the petitioner bears the burden of proof for showing his right to relief by a preponderance of the evidence. *Rahim v. State,* (1981) Ind., 417 N.E.2d 343. Also, the trial judge is the finder of fact in post-conviction proceedings. He has sole authority to weigh the evidence and judge the credibility of witnesses. Thus his decision will be reversed only if the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Rahim, supra; Laird v. State,* (1979) Ind., 385 N.E.2d 452. Moreover, an attorney is presumed competent and only clear and convincing evidence to the contrary will rebut such presumption. *Id.*

Mindful of these rules, we find no error in the trial court's decision in this case. The key testimony in the case relates to whether or not attorney Boonstra communicated the plea bargain offer to appellant prior to the time the habitual offender charge was filed. He testified he did so at some time prior to July 24 by meeting with appellant at his office and further that appellant rejected the offer because he believed he was not guilty of the forgery. Appellant, on the other hand, asserts no such communication ever occurred. However, as we have indicated, it was for the trial judge to determine which of these witnesses giving conflicting testimony was to be believed. Obviously the judge believed attorney Boonstra and not appellant. The evidence is not without conflict and does not lead to a conclusion other than that reached by the trial court.

The trial court is affirmed.

All Justices concur.