**Raymond R. MARCHAND, Petitioners,**

v.

**Richard TYSON, Marshall County Sheriff, and Linley E. Pearson, Attorney General of the State of Indiana, Respondents.**

No. S 83–15.

United States District Court,
N.D. Indiana,
South Bend Division.

April 14, 1983.

E. Nelson Chipman, Jr., Robert A. Sowinski, Plymouth, Ind., for petitioners.

Linley E. Pearson, Atty. Gen. of Ind., Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case is presently before the Court on a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. After a hearing and oral argument held on March 31, 1983, this matter was taken under advisement. In accord with *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the complete state court record has been filed with and carefully reviewed by this Court.

The underlying facts in this case are not in dispute. Raymond and Christina Marchand were married in 1970 and settled in Nebraska. Seven years later, they were granted a divorce by a Nebraska court. As part of the court's decree, Christina obtained custody of the Marchand's four children. Shortly thereafter, on October 22, 1977, Christina and the children moved to Argos, Indiana, after having first obtained leave of the Nebraska court to do so. The petitioner later moved to Indiana as well, ostensibly for the purpose of maintaining ties to his children.

In September 1978, the petitioner discovered that Christina and the children had abruptly moved, leaving no forwarding address. Having searched unsuccessfully for them for several months, the petitioner returned to Nebraska in January 1979, and petitioned the court for a modification of the divorce decree by requesting a change of custody. A hearing on the petition was held, at which Christina Marchand was represented by counsel. The petition was granted, modifying the decree to award custody of the children to the petitioner.

Returning to Indiana, petitioner learned from the Argos public school authorities that his children's records had been forwarded to Kentland, Indiana. There petitioner found his children and former wife living in a single motel room with another adult, child, and a dog. After notifying the local authorities, the children were declared wards of Newton County (Indiana) Circuit Court with petitioner granted temporary custody pending the outcome of home studies conducted by the Welfare Departments of Newton and Marshall Counties. As a result of those home studies, the children's statuses as wards of the Newton Circuit Court were terminated on October 24, 1979. Petitioner's temporary custody was also terminated and Christina Marchand was granted right of full custody of the children. Curiously, petitioner made no mention at the October 24, 1979 hearing of his prior grant of custody issued by the Nebraska court in January 1979.

Christina and the children returned to Argos, Indiana where for the next two and one-half months they maintained their residency and the petitioner regularly exercised his visitation privileges. Then, on the weekend of January 6, 1980, the petitioner picked up his four children for his regular visitation, but had a friend return only three of the children to their mother on the following day. In the meantime the petitioner had taken the fourth child and returned to Nebraska.

Because of his act of removing the child from the State of Indiana in apparent violation of the custody order entered by the Newton Circuit Court, petitioner was charged with criminal confinement, a class D felony under the law. Ind.Code § 35-42-3-3(a)(3) (Burns 1979 Repl.). The petitioner thereupon voluntarily returned with the child to Indiana on October 26, 1980,

where he stood trial. On June 3, 1981, petitioner was convicted in a state court jury trial of criminal confinement. He was sentenced to a term of two years' imprisonment, with all but 180 days suspended, to be followed by two years on probation and a fine of $100.00 plus costs. Petitioner's conviction was unanimously affirmed on appeal, *Marchand v. State,* Ind.App., 435 N.E.2d 284 (1982), and the Supreme Court of Indiana denied petitioner's request for transfer.

In his application for habeas relief, petitioner raises two arguments: first, the subsection of the Indiana criminal confinement statute under which he was convicted constitutes an unconstitutional infringement on the fundamental right to travel; and, second, that the statute denies equal protection of the law because it invidiously discriminates between residents and non-residents of the State of Indiana.

■ Before addressing the above issues, however, this Court must first determine whether it can entertain the present petition. It is axiomatic that a petitioner cannot seek redress from this Court without first having exhausted his available state court remedies. 28 U.S.C. § 2254(d); *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). That requirement is inflexible, mandating that even "mixed" petitions, i.e., those presenting both exhausted and unexhausted claims, be dismissed. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Thus, whatever issues are raised in a federal habeas proceeding must first have been fairly presented to the state courts. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless,* —— U.S. ——, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982).

■ In the present case, petitioner raises issues that were not presented to the state trial court, i.e., he raised them for the first time on appeal. The Court of Appeals of Indiana declined to entertain the constitutional issues, holding that the untimely failure to challenge the constitutionality of a statute constituted a waiver under the holding of *Salrin v. State,* Ind.App., 419 N.E.2d

1351 (1982). Because Indiana law precludes the raising of a constitutional challenge to a statute for the first time on appeal, *Salrin, supra,* question exists as to whether those constitutional issues were fairly presented first to the state courts, i.e., whether petitioner has exhausted his available state court remedies.

In their Return to Order to Show Cause, respondents argue that Indiana law provides a state court remedy whereby petitioner could have raised the constitutional issues presently before the Court. Rule 1, Indiana Rules of Procedure for Post-Conviction Remedies. This remedy provides an appeal of right. Ind.P.C.R. 1, § 7. However, it is not enough that the state provide a remedy; that remedy must actually be *available* to the petitioner. *Perry v. Fairman,* 702 F.2d 119, Nos. 81–2479 and 82–1630 (7th Cir. March 16, 1983) (holding that Illinois' post-conviction relief proceedings were not truly "available" within the meaning of 28 U.S.C. § 2254(b) because Illinois prisoners were barred thereunder from asserting claims that were raised, or could have been raised, on direct appeal).

Indiana Post-Conviction Remedy Rule 1, § 8 reads as follows:

Waiver of or failure to assert claims. All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceedings that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition.

■ The purpose of Indiana's post-conviction remedies is to permit the petitioner to raise issues which were either unknown or unavailable to him in the original appeal. *Wilkins v. State,* Ind.App., 426 N.E.2d 61 (1981), *Henderson v. State,* Ind., 395 N.E.2d

224 (1979). Thus, issues raised and determined on direct appeal are not reviewable in a post-conviction proceeding. *Adams v. State,* Ind., 430 N.E.2d 771 (1982). Even issues not raised but nonetheless still available to the petitioner in the original appeal cannot be considered in the post-conviction relief proceedings. *Cummings v. State,* Ind., 434 N.E.2d 90 (1982); *Smith v. State,* 268 Ind. 79, 373 N.E.2d 884 (1978). Where the issues presented in a post-conviction proceeding are, however, properly before the court, petitioner's burden of proof is that of any other civil proceeding, *viz.,* a preponderance of the evidence. *Whitacre v. State,* Ind., 442 N.E.2d 1085 (1982).

■ Respondents contend in their Return to Order to Show cause that the underlying issue in the petitioner's application for writ of habeas corpus is that he was denied the effective assistance of counsel. Respondents advanced the same argument at the March 31, 1983 hearing, adopting the stance that petitioner should have raised the two constitutional issues presently before the Court in tandem with a claim of ineffective assistance of counsel in state court under Ind.P.C.R. 1. While not conceding the issue of incompetence, petitioner's counsel at the hearing countered that it was unreasonable to require a criminal defendant to turn on his own defense attorney in a post-conviction proceeding in order to present the court with issues not properly raised before.

Irrespective of the "reasonableness" of the position, Indiana law clearly permits a petitioner to proceed *pro se* in a post-conviction action in order to raise the ineffectiveness of counsel issue. Ind.P.C.R. 1, § 9. Further,

[w]here the effectiveness of the trial counsel's assistance is itself one of the grounds for postconviction relief, the defense of waiver would only be appropriate where it could be shown that petitioner knowingly, voluntarily and intelligently waived the right to assert the issue previously by presentation first to the trial court and then to the appellate court; if a waiver of this type cannot be shown, the trial court at the postconvic-

tion hearing should immediately go to the merits on the contention. * * * [A] determination as to the effectiveness of counsel's assistance may be necessary before reaching the merits of the petition, even though not asserted as a primary ground for relief.

8A I.L.E. Criminal Law § 708, p. 123 (1982 Suppl.); see also, *Hollonquest v. State,* Ind., 432 N.E.2d 37 (1982); *Cooper v. State,* 267 Ind. 646, 372 N.E.2d 1172 (1978); *Langley v. State,* 256 Ind. 199, 267 N.E.2d 538 (1971); *Davis v. State,* 164 Ind.App. 331, 328 N.E.2d 768 (1975).

As the Court of Appeals for the Seventh Circuit noted in *Moore v. Duckworth,* 581 F.2d 639, 644 (7th Cir.1978), aff'd 443 U.S. 713, 99 S.Ct. 3088, 61 L.Ed.2d 865 (1979), "we do not find the waiver section [Ind.P.C.R. 1 § 8] to be as well-defined and limited as petitioner Moore asserts and conclude that there has not been an adequate showing that resort to the state courts of Indiana would be an 'idle and useless effort.'" See also, *United States ex rel. Spurlark v. Wolff,* 699 F.2d 354, 361 (7th Cir.1983) (failure to raise issue of ineffectiveness of counsel in direct appeal at state level not properly before federal district habeas court absent adequate explanation for petitioner's inaction and showing of resultant injustice if preclusive effect to procedural default given).

The pronouncements made by the Supreme Court of the United States on the issue of exhaustion of state remedies for federal habeas review are clear: the federal courts lack jurisdiction to hear a petition for writ of habeas corpus where the petitioner has failed to exhaust his available state court remedies. *Bowen v. State of Tennessee,* 698 F.2d 241, 243 (6th Cir.1983). It is not for this Court to weigh the relative likelihood of success petitioner's post-conviction filing might meet in state court; so long as petitioner is afforded a post-conviction vehicle by which to present the issues now before this Court to the state courts first, the petition must be dismissed for failure to exhaust.

Accordingly, the petition for writ of habeas corpus is hereby DISMISSED for failure to exhaust. SO ORDERED.