Joe Howard McCLAIN, Petitioner,

v.

Jack Raymond DUCKWORTH, Indiana Attorney General, Respondents.

No. S 81–329.

United States District Court,
N.D. Indiana,
South Bend Division.

Sept. 8, 1983.

Joe Howard McClain, pro se.

Linley E. Pearson, Atty. Gen. of Indiana, David A. Arthur, Deputy Atty. Gen., Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case is presently before the court on a petition for writ of habeas corpus, filed

nor does it respond to Lithotip's contention that it has already admitted liability by issuing a certificate of loss.

pursuant to 28 U.S.C. § 2254 by an inmate at the Indiana State Prison in Michigan City, Indiana. In accord with *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the now complete state court record has been filed with and carefully examined by this court.

This case was originally filed in this court on September 21, 1981. On November 6, 1981, the respondents filed their Return to Order to Show Cause and what was purported to be the complete state court record. Thereafter, on November 19, 1981, the respondents supplemented their Return with a Response and Motion for Summary Judgment with supporting documentation. The petitioner replied thereto on December 9, 1981.

On February 19, 1982, this court denied the writ and dismissed the petition by Memorandum and Order. In said Order, this court held that petitioner had presented a "mixed" petition, i.e., one containing both exhausted and unexhausted claims. The unexhausted claims were deemed not properly before the court and were not considered. *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). Because this court did not at that time have the benefit of the holding in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) ("mixed" petitions must be dismissed in their entirety until petitioner has complied fully with the requirements of 28 U.S.C. § 2254(b)), this court did consider the only (apparently) exhausted claim, viz., petitioner's Fourth Amendment allegation of unlawful search and seizure. That contention was rejected in light of *Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976), and its progeny.

On March 5, 1982, counsel for petitioner filed a Motion for Issuance of a Certificate of Probable Cause pursuant to 28 U.S.C. § 2253, and a Motion for Leave to Appear Pro Haec [sic] Vice. Both motions were granted on March 10, 1982, and a copy of petitioner's Notice of Appeal was filed with this court on the following day.

By unpublished Order dated May 11, 1983 (corrected June 2, 1983), the United States Court of Appeals for the Seventh Circuit reversed and remanded this court's decision of February 19, 1982. In its decision, the Court of Appeals held that this court did not, in fact, have the complete state court record at the time of its ruling on the petition, and therefore remanded the case for an examination of the entire state court record for a determination whether petitioner had exhausted his available state court remedies.

On June 17, 1983, this court received the record on appeal from the Seventh Circuit, as well as a certified copy of the Court of Appeals' order of May 11, 1983. Acting in accord therewith, this court on June 20, 1983 ordered the State of Indiana to produce the complete state court record. On July 22, 1983, the respondents provided this court with a copy of the Supplemental Record in question. This matter is now ripe for ruling.

A careful examination of the Supplemental Record discloses that the petitioner filed a plethora of habeas corpus petitions and motions to vacate sentence in the state courts. For example, a petition for post-conviction relief filed with the Allen Circuit Court was denied on November 9, 1978, for the reason that petitioner's appeal of his criminal conviction was still pending. A virtually identical petition was denied on March 28, 1980, for precisely the same reason. On March 6, 1981, a petition for writ of habeas corpus substantially identical to one filed before the LaPorte Circuit Court (denied on August 27, 1980) was denied by Judge Busse of the Allen Circuit Court on the grounds that, because petitioner's appeal had been affirmed by the Supreme Court of Indiana on October 6, 1980, the proper vehicle was a petition under Indiana's post-conviction remedies rule. Not content with this admonition, petitioner subsequently filed a Notice of Appeal and Motion to Vacate Sentence before the same court, which again denied the relief requested in the following language: "[T]he [correct] remedy is for a Petition for Post Conviction Relief."

Even a cursory examination of the Supplemental Record reveals that the Indiana state trial courts of both LaPorte and Allen counties were well aware of petitioner's numerous filings, and attempted to impress upon the petitioner that there was a correct way to attack the validity of his conviction under Indiana law. On more than one occasion, petitioner was informed that habeas corpus applications and motions to vacate sentence, while not necessarily improper in and of themselves, were not substitutes for his appeal pending before the Supreme Court of Indiana. Once the appeals process was complete and petitioner's conviction had been affirmed, petitioner was admonished on at least two separate occasions that Indiana law provided petitioner with a vehicle to attack the underlying validity of his conviction. That remedy, specifically known as the Indiana Rules of Procedure for Post-Conviction Remedies, was held by this court to be genuinely "available" within the context of *Perry v. Fairman,* 702 F.2d 119 (7th Cir.1983), and therefore constituted a valid prerequisite to the filing of a federal habeas petition. *Marchand v. Tyson,* 560 F.Supp. 882 (N.D.Ind.1983). See, generally, 28 U.S.C. § 2254(b), (c); *Anderson v. Harless,* —— U.S. ——, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982).

As the United States Court of Appeals for the Seventh Circuit recently declared, "We need not apply the total exhaustion rule of *Rose v. Lundy* [455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)] with unthinking rigidity; yet, at the same time, we must be faithful to the Court's mandate that the rule be 'rigorously enforced.' 455 U.S. at 518 [102 S.Ct. at 1203]." *Shears v. Israel,* 712 F.2d 1220, 1222 (7th Cir.1983). Thus,

> [i]t is not for this Court to weigh the relative likelihood of success petitioner's post-conviction filing might meet in state

court; so long as petitioner is afforded a post-conviction vehicle by which to present the issues now before this Court to the state courts first, the petition must be dismissed for failure to exhaust.

*Marchand v. Tyson, supra,* 560 F.Supp. at 885. See also, *United States ex rel. Tonaldi v. Elrod,* 716 F.2d 431, —— (7th Cir.1983).

■ Irrespective of the question whether a failure to exhaust available state court remedies acts as a jurisdictional bar to a federal district court entertaining a habeas petition under § 2254,[1] it is clear that Indiana provides an "available" state court remedy for petitioner herein. Further, this court declines to hold that petitioner's "shotgun" approach to filing numerous (and variously captioned) pleadings among different state and federal courts constitutes compliance with the statutory mandate of exhaustion. Accordingly, the writ is hereby DENIED; petition DISMISSED for failure to exhaust available state court remedies. SO ORDERED.

---

1. In *Echevarria v. Bell,* 579 F.2d 1022, 1025 (7th Cir.1978), the Court of Appeals for the Seventh Circuit held that the statutory exhaustion requirement for state petitioners was not a jurisdictional bar to federal review. The continued viability of that holding is questionable in light of *Rose v. Lundy, supra.* See also the language contained in *Jackson v. Carlson,* 707 F.2d 943, 949 (7th Cir.1983). It should be noted that at least one Court of Appeals has held the failure to exhaust to be a jurisdictional bar. *Bowen v. State of Tennessee,* 698 F.2d 241, 243 (6th Cir. 1983).