151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joe Howard MCCLAIN, Petitioner-Appellant,
v.
John DEUTH, Respondent-Appellee.
 No. 97-1599.
 United States Court of Appeals, Seventh Circuit.
 Argued April 28, 1998.
Decided June 24, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. No. 96-CV-177 Allen Sharp, Judge.
 Before Hon. JESSE E. ESCHBACH, Hon. KENNETH F. RIPPLE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Joe McClain, a state prisoner, appeals the district court's denial with prejudice of his petition for a writ of habeas corpus, 28 U.S.C. § 2254. McClain argues that his petition should have been dismissed without prejudice because he has not exhausted his state court remedies. Because McClain is not entitled to relief on the single issue preserved on appeal, we affirm.
 
 I. BACKGROUND
 
 2
 The history of McClain's attempts to obtain collateral review of his conviction in both the state and federal courts is long and tortured. This appeal involves McClain's eleventh federal petition for a writ of habeas corpus; nine of his earlier petitions were dismissed without prejudice by the district court because McClain failed to exhaust his state remedies, and one was dismissed without prejudice upon McClain's request. Additionally, McClain sought state post-conviction relief on at least four occasions. Each of the state actions was dismissed for procedural defects. See McClain v. Duckworth, 569 F.Supp. 840, 841 (N.D.Ind.1983) (outlining McClain's state court litigation history). McClain's tenth federal petition was dismissed in January 1996 for failure to exhaust, and nothing in the record suggests that McClain engaged in any subsequent state court actions that would satisfy the exhaustion requirement.
 
 
 3
 The state contends that McClain has received a post-conviction merits determination from a state court, but there is absolutely no evidence in the record supporting this contention. We will not condone unsubstantiated claims by the state, particularly when the means of proof are specially within the state's purview. Additionally, the state fails to reveal any of the information about this supposed merits determination that would be crucial to our review of the district court's procedural default determination (e.g ., what claims were presented in McClain's alleged petition and how the state court allegedly resolved the claims), or even when the supposed determination issued.
 
 
 4
 Indeed, we are bewildered by the state's conduct during the course of this lawsuit. In our Order of August 26, 1997, we instructed the state to supplement the district court record with copies of the state court records of McClain's post-conviction lawsuits. The state neither complied with our instruction nor made any statement regarding the state court records. Such blatant disregard of a court order is inexcusable.
 
 II. ANALYSIS
 
 5
 In April 1997, McClain filed a petition presenting a claim that his Indiana state custody violates the Interstate Agreement on Detainers. The district court ordered a more definite statement, and in the resulting petition McClain enumerated 12 additional claims of error at his trial and sentencing. In an unnumbered paragraph, McClain alleged that a deputy Attorney General successfully conspired to keep him in prison, even though he allegedly was granted parole on May 5, 1992. According to the petition, McClain should have been released to North Carolina under the Interstate Agreement on Detainers, and thus his Indiana custody is unconstitutional. Finally, McClain claimed that various guards at the prison mistreated him.
 
 
 6
 On October 10, 1996, the district court denied McClain's petition with prejudice. The court found that § 2254 does not provide a remedy for a violation of the Interstate Agreement on Detainers. Then without discussion, the court concluded that McClain had procedurally defaulted all of the other claims presented in the petition. For reasons that are obscure, the court stayed the October 10 order. However, on February 24, 1997, the district court entered a one page order reinstating the October 10 order, stating only: "A careful review of all filings in this record fails to disclose any basis for relief under 28 U.S.C. § 2254." We granted McClain's request for a certificate of probable cause, and appointed counsel to represent McClain.
 
 
 7
 The only issue explicitly argued in McClain's appellate brief is non-exhaustion based on the allegation that McClain was paroled on May 5, 1992. Counsel concedes, however, that the Parole Board did not grant McClain parole when it met in 1992, or at any time thereafter. The Board's report for May 6, 1992, confirms that McClain was not paroled at that time and, instead, all five board members voted to continue the hearing. Counsel's concession and the report are sufficient to establish that this claim is utterly meritless. See Granberry v. Greer, 481 U.S. 131, 135 n. 7 ("[I]t is appropriate for the court of appeals to dispose of nonmeritorious petitions without reaching the nonexhaustion issue."); United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1140 n. 10 (7th Cir.1990); Galowski v. Murphy, 891 F.2d 629, 637 n. 12 (7th Cir.1989).
 
 
 8
 At argument, McClain's attorney asked us to reverse the district court's judgment on the ground that the decision would preclude any challenge to future parole decisions under the proscription against second or successive habeas corpus petitions. See 28 U.S.C. § 2244. Counsel's supposition is erroneous. A habeas petition attacking for the first time a proceeding that had not occurred at the time of a prior habeas action is not "second or successive" within the meaning of § 2244. See Walker v. Roth, 133 F.3d 454, 455 (7th Cir.1997). In other words, the resolution of this habeas corpus petition cannot be used to bar federal review of future state actions.
 
 
 9
 McClain's other claims are waived on appeal. Federal Rule of Appellate Procedure 28 requires an appellate brief to contain the issues and contentions on appeal; issues not so presented are waived. See United States v. Feinberg, 89 F.3d 333, 340 (7th Cir.1996) ("Any issues or arguments of which the appellant may wish to avail himself are forfeited unless proffered in the appellate brief."), cert. denied, 519 U.S. 1133, 117 S.Ct. 997, 136 L.Ed.2d 876 (1997); Doherty v. City of Chicago, 75 F.3d 318, 324 (7th Cir.1996) ( Rule 28 "requires that an appellant present in its brief the issues it desires to litigate."). McClain's appellate brief does not identify, discuss, or argue any grounds for relief other than non-exhaustion based on the alleged parole. In fact, the only indication in the appellate brief that McClain presented other claims to the district court is counsel's occasional use of the plural when discussing "issues" or "claims." We conclude therefore that McClain has waived any challenge to the district court's resolution of the other issues presented in his habeas corpus petition.[1]
 
 CONCLUSION
 
 10
 We may affirm the denial of a habeas petition if exhaustion of state remedies would serve no purpose, especially in this case where the claim is concededly without merit. Cf. Granberry, 481 U.S. at 135 ("If it is perfectly clear that the applicant does not raise even a colorable federal claim ... all [will] be well served even if [the petitioner has not exhausted state remedies] the district court denies the habeas petition, and the court of appeals affirms."). McClain has waived any other challenge to the district court's judgment by failing to specify the issues in his appellate brief. For these reasons, the judgment of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 In any event, the district court correctly concluded that McClain procedurally defaulted the other claims presented in his habeas petition. "Procedural default ... occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir.1992). Under Indiana law, claims that could have been raised on direct appeal, but which were not, are barred from post-conviction review. Weatherford v. State, 619 N.E.2d 915, 917 (Ind.1993); McBride v. State, 595 N.E.2d 260, 262 (Ind.Ct.App.1992). Each of McClain federal habeas claims could have been presented on direct appeal. But McClain did not--and now cannot--present his federal claims in state court. Thus, he has procedurally defaulted the claims presented in his federal habeas petition. As the state notes, a procedural default may be excused if the petitioner can establish cause and prejudice. However, McClain does not argue that he can establish cause and prejudice. A petition containing only procedurally defaulted claims is properly denied with prejudice. Lemons v. O'Sullivan, 54 F.3d 357, 360 (7th Cir.1995)